## SUPREME COURT.

THE COLONIAL LIFE ASSURANCE COMPANY agt. THE BOARD OF SUPERVISORS of the county of New-York.

It is well settled that a *mandamus* will not be granted when it would be unavailing from a want of power in the defendants to perform the required duty.

In the city and county of New-York, after the taxes are assessed, warrants issued and delivered to the receiver of taxes, the supervisors have no further control over the assessment-roll.

The statute (1 *R. S.* 416) provides, that if the president or other proper officer of any *corporation* named in any assessment-roll, shall show to the satisfaction of the board of supervisors, at their annual meeting, within two days after the commencement thereof, *by affidavit*, to be filed with the clerk of the board, that such corporation is not in the receipt of any profits or income, the name of such corporation *shall be stricken out* of the assessment-roll, and *no tax* shall be imposed upon it.

And the assessment of any moneyed or stock corporation, authorized to make dividends on its capital, from which no such affidavit shall be received, shall be *conclusive evidence* that such corporation were liable to taxation, and was *duly assessed.*

If such an affidavit is furnished, and the supervisors omit to discharge their duty in that respect, a mandamus is the proper remedy to compel the performance of such duty.

But if such corporation omit to furnish such an affidavit *within the time* prescribed by the statute aforesaid, a subsequent application for a mandamus against the supervisors, to have their name stricken from the assessment-roll, will be unavailing—the statute is *peremptory.*

*New-York Special Term, Dec.,* 1856.

THIS is an application for a mandamus to the board of supervisors, to direct them to erase the name of the relators from the assessment-rolls for the year 1856, and the amount assessed upon and for their personal property.

Colonial Life Assurance Co. agt. Board of Supervisors, &c., of New-York.

JOSEPH BLUNT, *for the relators.*
MARTIN V. B. WILCOXSON, *for defendants.*

DAVIES, Justice.   The grounds of this application are, that the tax commissioners of the city of New-York have inserted the name of the relators in the assessment-rolls for the year 1856, and have assessed them for personal estate in the sum of $100,000.   This assessment-roll has been returned to the supervisors of the county of New-York, who have revised and corrected the same, and estimated and assessed the tax the relators are to pay upon such assessment.   For that purpose the supervisors have their annual meeting on the second Wednesday of July in each year. (*Davies' Laws*, 1003, § 23.)   By § 27, same act, they must cause the corrected assessment-roll, with the warrant for the collection of the taxes assessed, to be delivered to the receiver of taxes on or before the first day of September thereafter.   After the taxes are assessed, warrants issued and delivered to the receiver of taxes, the supervisors have no further control over the assessment-roll, and a mandamus to them to strike the relators' name from the roll would be entirely nugatory.   Their power is spent, and if the writ issued, and they were to obey it, *it would not stay the receiver of taxes in the execution of the warrant.*   That a mandamus should not go under such circumstances, has been expressly held in two cases. (*The People* agt. *The Supervisors of Westchester County*, 15 *Barb.* 607; *The People* agt. *Supervisors of Greene County*, 12 *Barb.* 217.)

The well settled rule is recognized by these cases, that a mandamus will not be granted when it would be unavailing from a want of power in the defendants to perform the required duty.   This is a prerogative writ which the court may issue or withhold at discretion, and I have no doubt it would be improper to issue it in this case.   The supervisors have the power if they choose to exercise it, if the application is made to them within six months after the tax-rolls are delivered to the receiver of taxes, to remit or reduce any tax.   This is entirely discretionary with them, and they are constituted the judges of

the goodness of the cause shown. (§ 28; *Davies' Laws*, 1003.) But it seems to me that the relators have a very serious obstacle to remove before they can be relieved of this tax. It is provided by § 9, (*Rev. Stat. vol.* 1, *p.* 416,) that if the president or other proper officer of any corporation, named in any assessment-roll, shall show to the satisfaction of the board of supervisors, at their annual meeting, within two days after the commencement thereof, by affidavit, to be filed with the clerk of the board, that such corporation is not in the receipt of any profits or income, the name of such corporation *shall be stricken out* of the assessment-roll, and *no tax* shall be imposed upon it. And the assessment of any moneyed or stock corporation, authorized to make dividends on its capital, from which no such affidavit shall be received, shall be conclusive evidence that such corporation were liable to taxation, and was duly assessed. That life insurance companies are liable to taxation whether incorporated on the mutual principle or otherwise, on the capital they have actually employed in business as the capital of the *corporation*, is now well settled. (*Mutual Insurance Company of Buffalo* agt. *Supervisors of Erie*, 4 *Com.* 442; *Sun Mutual Insurance Company* agt. *Mayor of New-York*, 4 *Sel.* 241; *The People ex rel. Mutual Life Insurance Company* agt. *The Board of Supervisors of New-York*, 20 *Barb.* 81.)

Now, the statute has declared, in the most emphatic language, that if the affidavit is furnished as required, the name of the corporation shall be erased from the assessment-rolls, and no tax imposed upon it. If it be true, therefore, that this corporation, as is now alleged, at the time this assessment was made, was not in the receipt of any profits or income from the capital employed in its business in this state, then it was the duty of the proper officer of the corporation to have furnished such affidavit, and had the name of the corporation struck from the assessment-rolls.

If such an affidavit had been furnished, and the supervisors had omitted to discharge their duty in the premises, a writ of mandamus would have been the proper remedy to have compelled its performance.

Colonial Life Assurance Co. agt. Board of Supervisors, &c., of New-York.

The statute also requires that this affidavit shall be furnished at the annual meeting, where these assessment-rolls are revised and corrected, and the taxes imposed, within two days after the commencement thereof. And this requirement is made for wise reasons. Taxes are laid for the support of the government; and it is the intention of the statutes, in reference to this subject, that all real and personal estate, with few unimportant exceptions, should be assessed, and that the taxes should be equally imposed on such assessments. To ascertain such real and personal estate and the value thereof, we have in this city assessors and tax commissioners, and when they have fully ascertained all such property liable to taxation, and the amount thereof, the assessment-rolls are finally transmitted to the board of supervisors for correction and revision. They have no power to reduce or increase any valuation, or to add any property real or personal to the assessment-rolls, or make deductions therefrom, except that given to them by this ninth section in reference to corporations making the affidavit, and that empowered by the fourteenth section in reference to companies authorized to commute their taxes.

The reason for all this is, that a certain or ascertained sum is to be raised for the purposes of the government, annually; and this has to be equally apportioned upon the assessed values, and the law intends that they shall be definitely ascertained before the apportionment of the tax is made. With all this caution and effort, assessments will be made which ought not to be made, and taxes will be assessed and apportioned which cannot be collected, and the result is, that such deficiencies have to be annually carried forward and added to the taxes of the succeeding year. But in reference to corporations assessed, the statute has declared, in the most explicit language, that the assessment of any corporation from whom no such affidavit as mentioned above shall have been received, shall be conclusive evidence that such corporation was liable to taxation, and was duly assessed. This corporation was called upon, if they desired to escape taxation, to have furnished such an affidavit within the terms prescribed by law; and not having done so,

The statute declares, in the most positive terms, that the evidence of its liability to taxation, and that it was duly assessed, is conclusive—and I am not at liberty to say that it is not.

The court of appeals, in the case of the *Mutual Insurance Company of Buffalo* agt. *Supervisors of Erie*, (*supra*, p. 449,) affirm this doctrine in the broadest terms, and I am therefore precluded, by the terms of the statute and the decision of the highest court of the state, from granting the relief sought for by the relators.

The motion for mandamus must be denied, with costs; but if the relators desire it, the same direction or order will be made as by Judge MITCHELL in the case of *The People* agt. *Supervisors of New-York*, (29 *Barb.* p. 86.)

