THE STATE, ALBERT ROLL, CLERK OF SCHOOL DISTRICT No. 2, OF THE TOWNSHIP OF SOUTH AMBOY, PROSECUTOR, v. HENRY C. PERRINE, COLLECTOR, &c.

1. An assessment for taxes in a school district made upon real estate only, is illegal, and the assessor has no authority to alter the duplicate by extending the assessment to the personal estate of those assessed, and adding the names of others not assessed, after the duplicate has been delivered to the collector.

2. On an appeal to commissioners by several parties, they are to deal with each case separately, and if the particular tax appealed from is remitted as being illegal, the commissioners have no authority to remit it to others who have not appealed.

3. If a collector has acted in good faith, under the order of a tribunal having jurisdiction of the subject matter, until the time has passed in which he should make return of delinquents, and obtain a tax warrant to enforce payment of the tax, and his term of office has expired by its own limitation, he is powerless to obey the mandate of this court, if he should be directed to proceed and collect the tax.

4. A writ of *mandamus* will not in general be allowed, unless the act commanded to be done is legally possible before the writ issues.

5. If the defendant (the collector) has been guilty of official misconduct, he may be punished by indictment.

On motion to strike out return to a writ of alternative *mandamus.*

Argued before BEDLE, DALRIMPLE, and DEPUE, Justices.

For the motion, *P. Vredenburgh.*

Contra, *A. V. Schenck* and *H. S. Little.*

DEPUE, J. To the writ of alternative *mandamus,* the defendant returns that the moneys in question were ordered to be levied, at two special meetings of the legal voters and taxable inhabitants of the school district, held on the 26th of September, 1868, and on the 30th of March, 1869; that the same were assessed by the assessor, in the first instance,

only on the real estate of the taxable inhabitants of the district, and that the assessor, after the duplicate of the assessment was delivered to the collector, without notice to the parties assessed, and without the authority of the township committee, did alter and change the duplicate .by extending the assessment, which had been made upon real estate only, to the personal estate of the persons named in the duplicate, and by adding the names of other taxable inhabitants who were owners of personal and not of real estate, with an assessment on such personal estate, whereby the sum assessed for said purposes was increased from $4,005.30 to $5,157.10 ; and that the commissioners of appeal in cases of taxation in and for said township, at their regular meeting, on an appeal then and there made for that purpose, after due examination of the facts and consideration of the case, did, by the judgment and adjudication of the said Court of Appeals, remit to the several persons named (naming all the persons on the tax duplicate against whom the tax was assessed,) the amount of tax assessed against them respectively, and did deliver to the defendant, as such collector, a transcript of the said judgment and adjudication, which said transcript is made part of the return.

The return further shows that because the said commissioners of appeal did remit the said tax, the defendant did not make return of the said persons against whom it was assessed, as delinquents, to a justice of the peace, as was required, in order to procure a warrant for the collection of the tax by a distress and sale of their property ; and that he has settled his accounts as collector with the township committee, and ceased to be collector of the said township on the 7th day of March, 1870, by the expiration of his term of office.

This motion was argued upon the return of the defendant, and also the affidavits which were laid before the court on the preliminary application for an alternative *mandamus*, and we have before us the whole merits of the controversy.

The assessment of the tax in the duplicate as originally delivered to the collector, was illegal. The tax should have been levied on the real and personal property of the taxable

inhabitants of the district and their estates, and the taxable property therein, in the same manner as township taxes are assessed. *Nix. Dig.* 879, § 80.* The subsequent alteration in the duplicate by adding names and extending the assessment to personal property, retaining the same rate, and thereby greatly increasing the sum assessed beyond that authorized to be raised, was grossly irregular.

These illegalities and irregularities were undoubtedly sufficient to enable those against whom the tax was assessed to avoid it altogether, on proceedings by way of *certiorari* or appeal to the commissioners of appeal in cases of taxation. By the eighth section of the general tax law, (*Nix. Dig.* 939,) any person aggrieved by an assessment of taxes made against him, may appeal to the commissioners of appeal in cases of taxation in and for the township, who, by the forty-ninth section, are required, after due examination of the facts and consideration of the case, to give such judgment as shall be agreeable to the principles of justice, which judgment shall be final and conclusive, and shall be rendered within three days after the hearing of such appeal; and by the next succeeding section the commissioners are required to give a transcript of such judgment, in case it shall be in favor of the appellant, which transcript is made a sufficient voucher to him, and the collector, in collecting the taxes of the same, and every other officer whom it may concern, is directed to govern himself accordingly.

It is obvious that in discharging these duties, the commissioners should deal with the individual tax-payer, and not with the assessment in gross. The appeal is to be made by the party aggrieved, and the transcript of the decision of the commissioners is to be given to him as his voucher. In this case, appeal was made by a number of the persons against whom this tax was assessed; how many, does not appear, but it is manifest that all who were taxed did not complain of the assessment. Upon these individual complaints the commissioners swept away the entire assessment of this tax,

*Rev.*, p. 1084, § 86.

comprising assessments against three hundred and seventy persons, and the transcript of their proceedings delivered to the collector contains all these names, with the respective assessments against each. It would be impossible to sustain these proceedings of the commissioners, if before us directly for review. They can only be excused by the palpable irregularities in the assessment, which it was impossible to remedy except by remodeling the entire assessment.

But was the collector bound to disregard the action of the commissioners? They were a tribunal who had jurisdiction over the subject matter. In all respects, except in form, the certificate was such as the law recognized, and which it was made his duty to obey. The commissioners had power to remit the assessment against each individual named in it, on an individual application for that purpose. The collector was not bound to know how the case of each of the persons was brought before the commissioners—either at the regular or a special meeting—much less to involve himself in a litigation with each tax-payer, to defend the action of the commissioners. In entire good faith, so far as appears, he conformed to the order of the commissioners, until the time had passed within which he should make return of delinquents to a justice of the peace, to obtain a tax warrant to enforce the payment of the tax. His term of office has since expired, by its own limitation, and he is powerless to obey the mandate of this court, if he should be directed to proceed and collect the tax.

A writ of *mandamus* will not in general be allowed, unless the act commanded to be done is legally possible when the writ issues; consequently, a return showing that the person against whom it issued has not the power to do the act, is good. *Regina* v. *L. & N. W. R. R. Co.*, 16 *Q. B.* 864; *The King* v. *Twyford*, 5 *Ad. & El.* 436; *Regina* v. *Ambergale, &c., Railway Co.*, 1 *E. & B.* 372; *The People* v. *The Supervisors of Greene*, 12 *Barb.* 217; *Great Western R. R.* v. *The Queen*, 1 *E. & B.* 874; *Broom's Legal Maxims* 240; 15 *Barb.* 607; 24 *Barb.* 166.

The exceptions to this general rule are few, and are stated in the opinion of the Chief Justice, in *Silverthorne* v. *The Warren Railroad Co.*, 4 *Vroom* 173. The case now before the court is not within any of the exceptions to the general rule. Indeed, with respect to magistrates and officers having only public duties to perform, the courts will refuse to award a *mandamus* when the performance of the duty commanded will involve the officer in litigation, the issue of which is in doubt. In *Rex* v. *Greame*, 2 *Ad. & El.* 615, it was held that the court will not compel a magistrate, by *mandamus*, to issue a distress warrant for a highway rate, upon the occupier of lands within his district, if it appear that in the magistrate's belief, and in fact, there is a legal doubt as to the occupiers being liable to contribute to the repairs of the parish high-ways, and that the magistrate is liable to be sued if the warrant is granted, and this although the occupier has not appealed against the rate. In *The King* v. *Sillifant*, 4 *Ad. & El.* 354, the King's Bench refused to award a *mandamus* to a justice to enforce the payment of a church rate, which had been affirmed in the Ecclesiastical Court, the jurisdiction of the justice to issue process being a matter in doubt. See, also, per LORD CAMPBELL, C. J., in *Regina* v. *Dowling*, 2 *E. & B.* 204.

If the defendant has been guilty of official misconduct in relation to this matter, he may be punished by indictment. That punishment it is not the province of this court to inflict, by the use of the writ of *mandamus*.

The motion to quash is denied.

BEDLE and DALRIMPLE, Justices, concurred.

CITED *in State, Trustees, &c., pros.,* v. *Lewis,* 6 *Vr.* 378.