SCHEND and others vs. THE ST. GEORGE'S GERMAN AID SOCIETY.

*April 3 — April 20, 1880.*

*Practice in* mandamus *cases.*

[1. *It seems* that the practice of permitting *mandamus* cases to be commenced, *in this court*, only by issue and service of an *alternative* writ, will be adhered to, notwithstanding the abrogation (by rule 26 of 1876) of the rule on that subject adopted in 1865.]
2. In the circuit courts, a rule to show cause why a peremptory *mandamus* should not issue, should be allowed to supersede the alternative writ,

only in cases where, after a hearing upon the rule, no issue of fact appears to be involved. A remark in *Attorney Gen. v. Lum*, 2 Wis., 508, qualified.

3. If the cause shown, at a hearing upon the rule, presents a material issue of fact, it is error to try that issue upon affidavits; but an alternative writ should be awarded, and, after return made thereto, the issue should be tried in the manner prescribed by the statute and rules of court. R. S., sec. 3452; C. C. Rule 31.

4. In such case, the court may permit the affidavits on which the rule to show cause was founded, to stand for the relation, or may direct a formal relation to be filed.

APPEAL from the Circuit Court for *Kenosha* County.

Appeal from an order denying the motion of the appellants, *Schend, Sauber* and *Zievers*, for a writ of *mandamus* to compel their restoration to membership in the respondent corporation, from which they had been expelled. The motion was heard on an order to show cause why the writ should not issue. It is alleged in the affidavits in support of the motion, among other things, that the appellants were arbitrarily expelled from the society without cause and without any opportunity to be heard in their defense. Affidavits were read in opposition to the motion, to the effect that the appellants were duly and regularly expelled, for sufficient cause, in accordance with the rules and usages of the society, and that they had due notice of the proceedings against them, and ample opportunity to make defense thereto. It is further alleged that the appellants have the right of appeal from the action of the respondent society in expelling them, to the central society of the order, having supervisory and appellate jurisdiction over the respondent. The appellants read additional affidavits and documents, denying the appellate jurisdiction of the central society, as alleged, and controverting other statements contained in the affidavits in opposition to the motion. Certain rules and regulations of the society were also read on the hearing of the motion.

*John T. Fish*, for the respondent, contended, among other

things, that the relators had no right to the peremptory writ until they had made an issue and obtained the verdict of a jury on the disputed questions raised by the petition and affi-davits. Where a peremptory writ is asked in the first instance, and the affidavits show the right to be in dispute, and neither party asks for an alternative writ, the petition must be denied. The relators should have taken an alternative *mandamus*, and, upon the coming in of the return properly verified, should have answered the allegations, so that the questions of fact might be properly tried under ch. 148, R. S. The alternative *mandamus* stands as a declaration or complaint (*People v. Ovenshire*, 41 How. Pr., 164; *Com. Bank, etc., v. Canal Comm'rs*, 10 Wend., 25, 33; *People v. Ransom*, 2 N. Y., 490); the return to it stands as the second pleading in an action or proceeding (*People v. Baker*, 35 Barb., 105; *S. C.*, 14 Abb. Pr., 19; 5 Wait's Pr., 583); and the relator may demur to the return or join an issue of fact thereon; and the case then becomes an action under the code, and is to be tried like other actions. *People v. Lewis*, 28 How. Pr., 159; id., 470; 3 Abb. Ct. of App., 537; R. S., secs. 3451-2. Issues of fact made by the pleadings must be tried as in personal actions. *People v. Comm'rs*, 7 Wend., 474; R. S., secs. 3452, 3463. As to the manner of limiting the questions to be tried by a jury, see Rule XXXI, sec. 1. Under the statute, no judgment award-ing a peremptory *mandamus* can be entered without the ver-dict of a jury, except a judgment on demurrer to the return to the alternative writ. *State ex rel. Lewis, etc., v. Fairchild*, 22 Wis., 110; *State ex rel. Graham v. Ch. of Commerce*, 20 id., 68. And, in order to obtain a review in this court of the action of the circuit court, appellant must preserve the evi-dence and rulings of the latter by bill of exceptions. *People ex rel. Wiswall v. The Judges, etc.*, 3 How. Pr., 164; *People ex rel. Coller v. Bd. of Sup'rs*, id., 379.

The cause was submitted for the appellant on the brief of *J. V. & C. Quarles:*

Since *Attorney General v. Lum*, 2 Wis., 507, persons seeking the remedy by *mandamus* have had the option of bringing their adversaries into court either by order to show cause or by alternative writ; and this practice obtained in all the courts of this state until, for reasons affecting this court alone, the rule of September 22, 1865, was adopted, changing the practice in this court only. *State ex rel. Lewis v. Fairchild*, 22 Wis., 110; *State ex rel. Ordway v. Smith*, 11 id., 65; *State ex rel. Carpenter v. Supervisors*, 20 id., 79. The reports show that of the *mandamus* cases brought to this court since the admission of the state, a very large proportion are brought by order to show cause. Such is also the practice in New York. 5 Wait's Pr., 572, 573 *b; People v. Supervisors*, 2 Abb. Pr., N. S., 78–82. The practice on this point has not been changed by the revised statutes. That practice does not interfere with any right respondent may have to a trial by jury. The application is for a writ of *mandamus* — not necessarily for a peremptory writ; and if the court found that the facts relied on by the relators were in dispute, it should have awarded the alternative writ, and had issue joined, and a trial would have followed. 5 Wait's Pr., 576 *d*. But on the showing made by the uncontroverted allegations of the relators, and the admissions of the respondent, a peremptory writ should have issued at once. It appeared by the cause shown that there was nothing for the jury to try.

LYON, J. By a rule adopted in 1865, cases of *mandamus* can be commenced in this court only by the issue and service of an alternative writ, to be granted by the court. 21 Wis., Appendix B. Notwithstanding the abrogation by rule 26, adopted in 1876, of all formal rules of practice in this court theretofore adopted, the practice established by the rule of 1865 will doubtless be adhered to. Several cases in this court sanction the practice of commencing a *mandamus* case in the circuit court (and in this court, also, before the adoption of the

rule of 1865) by service of an order to show 'cause why the writ should not issue.. This practice has not been abrogated in the circuit court.

In *Attorney General v. Lum*, 2 Wis., 508, it was said that the rule to show cause serves the purpose and performs the functions of an alternative writ. This observation cannot be accepted as a general rule, applicable to all cases, but only to those like *Attorney General v. Lum*, in which no issue of fact was made upon the rule to show cause. In that case, only the validity of a certain order of the circuit court, which was purely a question of law, seems to have been in controversy.

If the cause shown against the issuing of the writ presents an issue of fact on a material averment made in support of the order, we think the court should not try such issue of fact on affidavits, but should award an alternative *mandamus*, to the end that, after return thereto, the issue may be duly and regularly tried in the manner prescribed by statute and the rules of court. R. S., 876, sec. 3452; Circuit Court Rule 31. If the respondent is heard in opposition to the application, and there is no dispute about the facts, the application being well founded in law, a peremptory *mandamus* may be granted in the first instance. The practice above indicated prevails in New York under similar statutes. 5 Wait's Practice (6th ed.), 575, and cases cited. We find nothing in our statutes or in the decisions of this court which interferes with the adoption of the same practice here. Should an alternative writ be awarded, the court may let the affidavits on which the rule to show cause was made, stand as the petition or relation therefor, or may direct that a formal petition or relation be filed.

There may be special cases in which a rule to show cause is preferable to an alternative writ; but it is believed that in a great majority of cases the better practice is to apply for an alternative writ in the first instance. Had this course been pursued in the present case, it would not have been here (as it

now is) on a mere preliminary question of practice. In this case the affidavits for and against the issuing of a *mandamus* present two issues of fact: *First*, whether the parties aggrieved were or were not expelled from the society without cause, and without an opportunity to be heard in their defense; and *second*, whether the rules of the society gave them an appeal to the central society. We indicate no opinion on the materiality of the last issue. The first is undoubtedly material. When these propositions of fact (particularly the first) had been affirmed by one side and denied by the other, the alternative writ should have been awarded. There was no case for determining the weight and preponderance of testimony, and cumulative proofs were inoperative to affect the result, and therefore immaterial.

It is said that an alternative *mandamus* should not be awarded, because the relators only asked for a peremptory *mandamus*. On an order to show cause in such cases the applicant always prays for a peremptory writ, and the court awards it, or awards an alternative writ, or denies the application entirely, according to the law of the case, and the facts as they appear upon the hearing of the order. Nothing is discovered in the record before us showing that the applicants waived their right to an alternative *mandamus*, and that relief is claimed by them in the argument of their counsel on this appeal.

The question whether these relators may join in an application for a *mandamus*, although not raised in the argument, has suggested itself to our minds. We have not examined it, and have no opinion upon it; yet perhaps it is worthy of the consideration of counsel. See *State ex rel. Carpenter v. Beloit*, 20 Wis., 80.

*By the Court.* — The order of the circuit court is reversed, and the cause will be remanded with directions to that court to award an alternative writ of *mandamus*.