THE STATE ex rel. TAYLOR, Respondent, vs. THE BOARD OF SUPERVISORS OF THE TOWN OF DELAFIELD, Appellant.

*September 25 — October 13, 1885.*

*Mandamus: Practice: Appeal to S. C.*

1. An alternative writ issued upon petition should be the first proceeding in *mandamus* in the circuit courts.
2. Where a rule to show cause why a peremptory writ should not issue was the first proceeding, and on the hearing thereof the facts were disputed, it was error to determine such facts upon affidavits. An alternative writ should then have been issued.
3. The peremptory writ is not a mere order of the court, but is a *writ*, and must be issued under the seal of the court, tested in the name of the judge, and returnable at some certain day.
4. An appeal cannot be taken from the writ of *mandamus*, but only from the order or judgment allowing it.

APPEAL from the Circuit Court for *Waukesha* County. *Mandamus* to compel the laying out and establishment of a highway. The facts upon which the decision is based are sufficiently stated in the opinion.

The cause was submitted for the appellant on briefs by *Hurlbut & Robinson*, and for the respondent on the brief of *W. H. Thomas*, attorney, and *A. Cook*, of counsel.

ORTON, J. The appeal in this case must be dismissed. The proceedings are erroneous from the beginning to the end. (1) The rule to show cause is why a peremptory writ of *mandamus* should not be granted. (2) The rule was heard as a mere motion on affidavits. (3) The so-called peremptory writ was a mere order by the court signed by the judge. (4) The appeal to this court is taken from this so-called writ of *mandamus*. These several errors will be noticed in their order.

1. The rule to show cause, as the first step in the proceedings, if any rule to show cause is granted at all, should have

been why an *alternative* writ of *mandamus* should not be granted. The above practice may have received some sanction by at least two cases in this court. In *Att'y Gen. ex rel. Cushing v. Lum*, 2 Wis. 507, a rule to show cause was allowed only because sec. 28, ch. 126, R. S. 1849, provided that "a rule to show cause why a *mandamus* should not issue may be awarded by any judge of the circuit court in vacation, upon good cause being shown." But the court said in that case: "Either practice is allowable, although, doubtless, when the circumstances of the case will justify, the application for an alternative *mandamus* is the preferable mode." In that case the application for the writ was " based upon an alleged specific right already determined," and there were no questions of fact which could be raised. In *Schend v. St. George's G. A. Soc.* 49 Wis. 237, the first step taken was by a rule to show cause, and it appearing that there were issues of fact, it was held that it was a proper case for an alternative writ, and not for a rule to show cause for a peremptory *mandamus* in the first instance, but that an alternative writ might still be granted on such rule. Mr. Justice Lyon said in the opinion that " there may be special cases in which a rule to show cause is preferable to an alternative writ; but it is believed in a great majority of cases the better practice is to apply for an alternative writ in the first instance." This case is authority that, although the rule to that effect has been abrogated, the established practice in this court is to issue the alternative writ in the first instance in all cases. *State ex rel. Lewis v. Fairchild*, 22 Wis. 110. Since the statute which authorized a rule to show cause in *Att'y Gen. ex rel. Cushing v. Lum*, *supra*, has been repealed, and this court in that case expressed a decided preference for an alternative writ in the first instance, and was forced into another practice alone by the statute, there seems to be no good reason why the practice in the circuit court and in this court should not be uni-

State ex rel. Taylor vs. Board of Supervisors of the Town of Delafield.

form in such cases where the jurisdiction is precisely the same. A rule to show cause might well answer every purpose in a case where there is no controversy and no dispute as to the facts; but when on the hearing of the rule it shall appear that the facts are disputed and the right denied, then an alternative writ must issue at last, and all the cost and trouble of answering the rule by affidavits, in order to ascertain that there is a dispute, are lost and go for naught. This proceeding is held to be a civil action and subject to the same rules of pleadings as other actions. *State ex rel. G. B. & M. R. Co. v. Jennings*, 56 Wis. 113. The affidavit or petition for an alternative writ performs the office of a declaration, and the return is the primary pleading in the case, and the plea or answer traverses, or confesses and avoids, the facts set up in the return, or the return may be demurred to. *State ex rel. Cothren v. Lean*, 9 Wis. 289. The statute (ch. 148, R. S.) contemplates an alternative writ in the first instance by allowing a demurrer or answer to the return made "to the first writ of *mandamus.*" Sec. 3450. "And the like proceeding shall be had thereon for the determination thereof as might have been had if the person prosecuting such writ had brought his action for a false return." There can be no *return*, in the statutory meaning of the term, to a rule to show cause or to a motion, and a rule to show cause is heard like a motion, and it is not the commencement of a suit. It may be used for the purpose of obtaining leave to commence the suit, and such was the common-law practice. The rule obtained was to show cause why an alternative writ of *mandamus* should not be granted. 3 Bl. Comm. 111; High on Extr. Leg. Rem. § 500. When the practice prevailed in New York to commence proceedings by a rule to show cause on motion, in order to have the matter reviewed in a higher court it was necessary to turn it into an alternative writ and have the facts appear on proper pleadings *(People ex rel. Mut. L.*

State ex rel. Taylor vs. Board of Supervisors of the Town of Delafield.

*Ins. Co. v. Supervisors,* 20 Barb. 81; *Colonial L. Assur. Co. v. Supervisors,* 24 Barb. 166; *S. C.* 4 Abb. Pr. 84, and 13 How. Pr. 305); and error would not lie upon the granting or refusing a *mandamus* upon a mere motion, where no plea or demurrer to the return could be made. *People ex rel. Dikeman v. President of Brooklyn,* 13 Wend. 130. The learned author above cited says, in his work on Extraordinary Legal Remedies, that the usual practice in this country is to obtain an alternative writ upon petition. Sec. 502. See, also, Moses on Mandamus, 203. Such a practice is the more certain, effectual, and expeditious by an issue on pleadings, and the regular trial of issues of fact, and by the form of a civil action, and a judgment at law. It would seem that the statute above cited contemplates no other proceeding by requiring a return to be made "to the *first* writ of *mandamus.*" The *first* writ must mean the alternative writ. We conclude, therefore, that, by force of the statute, and in conformity with the practice in this court, an alternative writ upon petition should be the first proceeding in the circuit courts. In this case the right to the peremptory writ was disputed, and it was a proper case for an issue of fact; therefore, by all authority, including *State ex rel. Lewis v. Fairchild,* 22 Wis. 110, and *Schend v. St. George's G. A. Soc.* 49 Wis. 237, an alternative writ was necessary before the final judgment for a peremptory writ. Wood on Mandamus, 31. There can be no objection to a motion or rule to show cause for greater caution for an alternative writ, except that such a proceeding is cumbrous, dilatory, and unnecessary.

2. The circuit court erred by trying and determining the facts upon affidavits, as we have already seen. As soon as it appeared that the facts were in controversy, an alternative writ should have been ordered upon the same relation, as directed in the above case in 49 Wis. 237.

3. The peremptory writ is essentially a *writ* of the court,

State ex rel. Taylor vs. Board of Supervisors of the Town of Delafield.

and not a mere order signed by the judge.    It must be issued as other writs are issued, under the seal of the court, tested in the name of the judge, signed by the clerk, and returnable at some certain day.    R. S. sec. 2421.

4. The appeal is taken to this court from the so-called writ of *mandamus*, instead of the order or judgment of the court allowing it, if there was any.    The printed case contains what is called "entry made on minutes of the clerk," etc., in which is the entry, "Peremptory writ of *mandamus* granted;" but no appeal is taken from this order, if order it can be called, and the minutes or record of the clerk, so stated in the printed case, has not been returned to this court, and is no part of its record in this case, and ought not to have been put in the printed case.    It seems that the so-called writ of *mandamus* has been served upon the board of supervisors by the sheriff, and his return appears indorsed thereon.    This proceeding is too irregular to be relied on, and we see no objection to the circuit court setting aside all the proceedings since the filing of the application and the counter-affidavits, and ordering an issue of an alternative writ according to the direction in *Schend v. St. George's G. A. Soc. supra*, and a similar order will be made herein.

*By the Court.*— The appeal is dismissed, and the cause remanded with directions to the circuit court to award an alternative writ of *mandamus* on the motion of the relator.