STATE, EX REL. B. R. B. WEBER ET AL., V. WILLIAM
BAYS ET AL.

[FILED MARCH 10, 1891.]

1. **Liquors**: LICENSE: APPEAL FROM REMONSTRANCE PENDING.
Where a remonstrance against the issuance of a license to sell
intoxicating drinks has been filed with the proper authorities
and overruled, and an appeal taken to the district court, a
license issued before such appeal is disposed of in such court
should be revoked, and in a proper case a *mandamus* will be
be issued to compel its revocation.

2. **Appeal** *held* to have been taken in time.

ORIGINAL application for *mandamus*.

*M. B. Reese*, for relators.

*Pound & Burr*, contra.

MAXWELL, J.

This is an application for a *mandamus* to compel the
defendants, as trustees of the village of Valparaiso, to
immediately assemble and cancel the license to sell intoxicat-
ing drinks heretofore issued and delivered to John Holm-
quist, against the issuing of which it is alleged a remon-
strance was filed which was overruled, and the remonstrants
thereupon appealed to the district court. To the petition
the defendants filed the following answer:

"The defendants, for answer to the petition of the plaint-
iffs in the above entitled action, deny that the plaintiffs
duly appealed from the decision of the defendants, as the
board of trustees of the village of Valparaiso, overruling
the remonstrance and granting license to said John Holm-
quist to sell intoxicating liquors tn the village of Valpa-
raiso; deny that it was the legal duty of these defendants

as trustees of said village to recall, cancel, and revoke said license; deny that they have refused so to do, and deny that prior to the bringing of this action, the plaintiffs demanded of or requested these defendants that they should meet together and cancel, recall, and revoke said license; that immediately upon the plaintiffs giving notice of an appeal from their said decision and demanding a transcript of the proceedings as alleged in the petition, these defendants made out a transcript of said proceedings and furnished the same to the plaintiffs, who refused to accept the transcript, and informed these defendants that they did not wish it, and that these defendants did not issue said license until a considerable time thereafter, to-wit, on the 12th day of June, 1890 ; and that in about three days after the issuance of said license the plaintiffs called for and received said transcript, but did not file the same in the office of the clerk of the district court of Saunders county until the 1st day of July, 1890."

It is admitted that an appeal has been taken and is pending in the district court of Saunders county. There was a short delay in taking the appeal, from what cause does not appear, but not sufficient to defeat the rights of the remonstrants. It must be conceded that the traffic in intoxicating drinks is an evil. The law has therefore hedged it about with restrictions so that the evil may be reduced to the lowest possible limit. The applicant, therefore, must be a person of good moral character, and able to give a bond with approved sureties in the sum of $5,000. He must not keep a disorderly house nor furnish liquor to minors or drunkards, nor to any one in sufficient quantities to produce intoxication, and he is liable for all damages which the community or individuals may sustain from the traffic. The law also recognizes the fact that persons who apply for license may not be possessed of a good moral character, may not have heretofore obeyed the law in keeping an orderly house, or as to furnishing liquor to

drunkards or minors, or permitted the saloon or place of business to be a rendezvous for young men who, from social pleasure, are led into evil ways.   The whole community, therefore, is interested in requiring applicants for license to sell intoxicating drinks to possess all the qualifications which the law designates, and that they shall perform all the obligations imposed by the same.   The remonstrants, therefore, must be heard, and if an appeal is duly taken to the district court such appeal must be disposed of before the license can be issued.   A peremptory writ is therefore

AWARDED.

THE other judges concur.