D. B. BYRUM ET AL. V. W. A. PETERSON ET AL.

[FILED MARCH 16, 1892.]

Liquors.   MANDAMUS GRANTED AT CHAMBERS TO REVOKE LICENSE.   A remonstrance against the issuance of a license for the sale of intoxicating liquors was duly filed with the licensing board in which causes fatal to the granting of a license were

assigned and proof introduced tending to sustain such charges. The board overruled the remonstrance and granted a license to the applicant; whereupon the remonstrants appealed to the district court and afterwards applied to a judge of the district court at chambers for a peremptory writ of *mandamus* to compel the board to revoke the license until the decision on the appeal. The judge thereupon granted the writ. *Held,* There being no controversy as to the essential facts as above stated, the judge had authority to grant the writ.

ERROR to the district court for Antelope county. Tried below before POWERS, J.

*C. C. Jones, B. B. Willey,* and *Albert & Gondring,* for plaintiffs in error, cited: *People v. Meakin,* 10 N. Y. Sup., 161; *People v. St. L. & S. F. R. Co.,* 47 Hun [N. Y.], 543; *People v. Green Island Water Co.,* 56 Id., 76; *Am. Water Works Co. v. State,* 31 Neb., 445; *State v. Supervisors,* 64 Wis., 220; *Schend v. Aid Society,* 49 Id., 237.

*O. A. Williams,* and *N. D. Jackson, contra.*

MAXWELL CH., J.

The plaintiffs are trustees of the village of Elgin, Antelope county, and the defendants in error residents of that village. On the 4th of August, 1891, one Stark Inghram filed a petition with the village board of Elgin for a license to sell intoxicating drinks. On the 21st of that month the plaintiff herein signed a remonstrance against the issuance of said license, and as a cause therefor alleged: First, that the appellant was not a law-abiding citizen; second, that the petition was not signed by the requisite number of freeholders, etc.

A number of supplemental remonstrances were filed which need not be noticed. A time was set for the hearing of the remonstrances and afterwards a license was issued to Inghram. An appeal was taken to the district court. The plaintiffs thereupon applied to Judge Powers

for a *mandamus* to compel the revocation of the license. The judge after hearing the evidence granted a peremptory writ requiring the licensing board to revoke the license in question.

The principal contention of the plaintiffs in error is that issues of fact were involved in the case, which should have been submitted to a jury.    If such was the case then the judgment should be reversed.  (*Am. Water, etc., Co. v. State,* 31 Neb., 445; *Schend v. Aid Society,* 49 Wis., 237 ; *State v. Supervisors,* 64 Id., 220.)  We are of the opinion, however, that no issues of fact were involved in the case.

All the testimony shows that the remonstrance was overruled and an appeal taken to the district court.    The objections stated in the remonstrance, if sustained, would prevent the granting of a license to Inghram.    Testimony seems to have been taken in support of these charges, and upon an appeal to the district court, the license should have been recalled.    Upon these points there is no conflict.    It was therefore the duty of the board to recall the license until the determination of the appeal.  (*State v. Bays,* 31 Neb., 514.)    In this case it is said: "It must be conceded that the traffic in intoxicating drinks is an evil. The law has therefore hedged it about with restrictions so that the evil may be reduced to the lowest possible limit. The applicant therefore must be a person of good moral character and able to give a bond, with approved sureties, in the sum of $5,000.    He must not keep a disorderly house, nor furnish liquor to minors or drunkards, or to any one in sufficient quantities to produce intoxication; and he is liable for all damages which the community or individuals may sustain from the traffic.    The law also recognizes the fact that persons who apply for license may not be possessed of a good moral character, may not have heretofore obeyed the law in keeping an orderly house, or as to furnishing liquor to drunkards or minors, or permitted the saloon or place of business to be a rendezvous

for young men who from social pleasure are led into evil ways. The whole community, therefore, is interested in requiring applicants for license to sell intoxicating drinks to possess all the qualifications which the law designates, and that they shall perform all the obligations imposed by the same. The remonstrants, therefore, must be heard, and, if an appeal is duly taken to the district court, such appeal disposed of before the license can be issued." What is said in that case is applicable in this. (See, also, *State v. Bays*, 31 Neb., 514.)

There being no issues of fact, to try the judge at chambers had authority to grant the writ. There is no error in the record and the judgment is

AFFIRMED.

THE other judges concur.