STATE, EX REL. JAMES WOODS ET AL., RELATORS, v. WILLIAM RATHSACK, MAYOR, ET AL., RESPONDENTS.

FILED OCTOBER 8, 1908. Nos. 15,709, 15,710, 15,711, 15,712, 15,713.

Intoxicating Liquors: LICENSE: REVOCATION: MANDAMUS. Where a hearing has been had upon an application for a license to sell intoxicating liquors and a remonstrance thereto, and such remonstrance has been overruled and the license issued, and an appeal has been taken to the district court within a reasonable time, the license so issued should be recalled and revoked pending the appeal in the district court, and mandamus will issue to compel the recall and revocation of the license.

ORIGINAL applications for writs of mandamus to compel respondents to revoke liquor licenses. Writs allowed.

C. J. Phelps, for relators.

H. P. Peterson and W. M. Cain, contra.

GOOD, C.

These five cases are original applications in this court for writs of mandamus to compel the mayor and council of the city of Schuyler to recall and revoke five separate licenses to sell intoxicating liquors in said city. All of the cases present identical issues.

The relators objected to and remonstrated against the issuance of the licenses. Hearings were had upon the applications for licenses and the remonstrances thereto, which resulted in the overruling of the remonstrances and an order for the licenses to issue as prayed. The remonstrators at once gave notice of appeal, and immediately ordered transcripts of the proceedings and the evi-

dence, and perfected their appeals to the district court in each of the cases as speedily as they could. The mayor and council ignored the notices of appeal, and forthwith issued the licenses. The remonstrators requested the mayor and council to recall and revoke the licenses, but their requests were denied. Respondents in their answers and returns to the alternative writs admit all the material allegations of the several applications for writs of mandamus. They seek to justify their refusal to recall and revoke the licenses by averring that said appeals are now pending in the district court, and have been submitted to that court for determination, and that said appeals will be speedily determined in said court. They aver, as a reason for their refusal, that there were still other applications for liquor licenses against which the remonstrators in these cases made no objections, and allege that no useful or beneficial purpose will be subserved by granting the writs prayed for, and that no injury or annoyance either public or private will result from denying the writs.

To our minds all these cases present no new question of law. The law applicable to these cases is fully and clearly settled by the former decisions of this court. In *State v. Bonsfield,* 24 Neb. 517, it was held: "Where an application is made to the city council for a license to sell intoxicating liquors, to the issuance of which a remonstrance is filed, and upon a hearing a license is ordered to issue, it is the duty of the council, upon notice of appeal being given, to withhold the license until the expiration of a sufficient time within which an appeal may be taken to the district court by the remonstrants. Where a license is issued and the appeal is taken, it is the duty of the council to recall such license, until the appeal is decided by the district court, and in case of their refusal mandamus will issue to compel action." The same rule has been adhered to by this court in *State v. Bays,* 31 Neb. 514, and was again reaffirmed in *Byrum v. Peterson,* 34 Neb. 237. Under the rules laid down in these cases, the matter set up by the respondents constitutes no defense to

the applications for the writs. It was clearly the duty of the respondents to withhold the licenses, when the notice of appeal was given, for a reasonable time, within which the remonstrators might perfect their appeals. Having issued the licenses, it was respondents' legal duty, when the appeals were perfected in a reasonable time, to recall and revoke the licenses. No valid reason appears for their refusal to so do.

We therefore recommend that the peremptory writ be issued as prayed for.

DUFFIE and EPPERSON, CC., concur.

By the Court: For the reasons given in the foregoing opinion, it is ordered that the peremptory writs of mandamus be issued as prayed for.

WRITS ALLOWED.