AMERICAN FREEHOLD LAND MORTGAGE COMPANY, APPELLEE, v. ORSON J. SMITH ET AL., APPELLANTS.

FILED APRIL 24, 1909.   No. 15,666.

1. **Judgment: REVIVOR: DEFENSES.** Upon proceedings to revive a dormant judgment which is valid upon the face of the record, no objections will be heard which seek to go behind the original judgment.

2. ———: ———: DEFENSES ON APPEAL. On an appeal to a reviewing court from an order reviving a dormant judgment, where neither

the transcript nor the bill of exceptions contain the pleadings in the case in which the judgment sought to be revived was rendered, it will be presumed that they were sufficient to sustain the original judgment, and a defense of coverture interposed for the first time in the revivor proceedings cannot be considered.

3. **Appeal:** JUDGMENT: REVIVOR: ISSUES. Where, on the trial of an application to revive a dormant judgment, the proceeding has been treated by the parties and the action tried as though the matters of defense were properly put in issue by a reply, it will be so treated by a reviewing court.

APPEAL from the district court for Custer county: BRUNO O. HOSTETLER, JUDGE. *Affirmed.*

*N. T. Gadd,* for appellants.

*Robert A. Moore, contra.*

BARNES, J.

This is an appeal from a judgment or final order of the district court for Custer county reviving a dormant judgment.

It appears that the defendants on the 8th day of July, 1886, executed their promissory note for the sum of $550 due July 8, 1891, with interest at 8 per cent., payable semiannually. In order to secure its payment, they at the same time executed and delivered to the plaintiff a mortgage upon certain real estate situated in said county of Custer. Default was made in the payment of the mortgage debt, the mortgage was foreclosed, sale of the mortgaged premises was had, in due time the sale was confirmed, and thereupon a deficiency judgment was rendered against both of the defendants for the sum of $119.83. The judgment afterwards became dormant, and on the 23rd day of July, 1906, the plaintiff made application to revive the same. The defendants appeared, and by separate answers objected to a revivor. An examination of the record discloses that the defendant Ella A. Smith objected for the reason, among others, that she was at the

date of the foreclosure of the mortgage a married woman, and that she at no time signed the note and mortgage sued upon in this action, or that action, for the purpose of charging her estate which she possessed at the time, and that she now has property in her own right. A trial was had, and for the purpose of supporting the issue above set forth defendant Orson J. Smith testified as follows: "Q. Were you the defendant in this original case in which a judgment was rendered—*American Freehold and Mortgage Company v. Orson J. Smith?* A. Yes, sir. Q. Who was Ella A. Smith, one of the defendants at that time? A. My wife." Plaintiff thereupon objected to the introduction of any further evidence on the part of the defendants, for the following reasons: "Because their answers fail to plead any defense, and for the further reason that all of the allegations of said answers are matters which should have been pleaded, if at all, before the deficiency judgment was rendered, and cannot be inquired into upon an application to revive the judgment." By the Court: "The objections are overruled for the present. The court will determine the legal questions later." "Q. At the time of the signing of the notes and mortgage sued upon in this action, was she your wife? A. Yes, sir. Q. Do you remember the incident of you and she signing the note and mortgage? A. Yes, sir. Q. You may state whether or not she received the money or you? A. I did. Q. Do you know why she signed the notes and mortgage? A. Yes, sir. Q. Why did she sign them, if you know? A. Because the notary said she had to because she was my wife. Q. Did she ever personally receive any of the money for her use and benefit? A. No, sir. Q. Did you ever receive notice of the application that they would take a personal deficiency judgment against you?" This question was objected to as incompetent, irrelevant and immaterial, and the objection was sustained. "Q. Was Ella A. Smith, at this time the defendant, at that time your wife? A. Yes, sir. Q. At the time she signed these notes and mortgage **did she have any** property either personal or

real? A. She had some personal property." Cross-examination: "Q. Was this real estate that you gave the mortgage on your homestead? A. It wasn't my homestead. Q. Well, did you live on it at the time you gave the mortgage? A. Yes. Q. Did you and your wife live on this place at the time you gave the mortgage? A. Yes, sir. Q. And resided there? A. Yes. Q. As your home? A. Yes."

Each of the several questions and answers contained in the direct examination were objected to by the plaintiff, and the foregoing is all of the evidence introduced by the defendants or either of them in support of the issues raised by their answers. The record contains none of the pleadings in the foreclosure suit, and there is no showing that the defendant Ella A. Smith at the time she signed the note and mortgage in question did not intend to bind her separate estate. The record contains a certified transcript of the decree of the foreclosure, together with the order confirming the sale and the deficiency judgment thereafter rendered against both of the defendants. So far as we can ascertain, the proceedings, judgments and orders of the district court were regular and valid in all respects. It therefore seems clear that the evidence above quoted was insufficient to overcome those presumptions of validity and regularity which attach to a judgment of a court of record.

It is contended, however, that the defense interposed by Ella A. Smith was sufficient to protect her rights even after judgment. In support of this contention counsel cites *Parratt v. Hartsuff*, 75 Neb. 706. It was held in that case that such a defense might be interposed at the time of the application for a deficiency judgment, but the opinion does not go to the extent of holding that it may be interposed after such a judgment has been rendered. In *St. Paul Harvester Co. v. Mahs*, 82 Neb. 336, quoting from *Wright v. Sweet*, 10 Neb. 190, it was said: "Upon proceedings to revive a judgment which has become dormant, * * * no objections will be heard which seek

to go behind the original judgment." In the case at bar it is not contended that there was no personal service upon the defendants or either of them, or that the court was without jurisdiction to render the foreclosure decree or the deficiency judgment complained of, for want of jurisdiction of the person of the defendants or of the subject matter. The defendants have introduced no evidence to show that the pleadings in the foreclosure case were not ample and sufficient to support the judgment of foreclosure and the deficiency judgment in question in this case, and, having failed to introduce them in evidence, we must presume that they were sufficient to sustain said judgment.

It is further contended that no evidence was required on the part of the defendants because no reply was filed to their objections. It is sufficient answer to this contention to say that the trial was had, and the cause was treated as though the matters contained in the defendant's answers were properly put in issue by a reply.

It seems clear that the defendants failed to establish any valid defense to the plaintiff's application for a revivor, and the judgment complained of is therefore

AFFIRMED.