AMERICAN WATER-WORKS CO. v. STATE, EX REL., J. J. O'CONNOR ET AL.

[FILED FEBRUARY 24, 1891.]

1. **Mandamus:** ANSWER : ALTERNATIVE WRIT. When a rule to show cause why a peremptory writ of *mandamus* should not issue is made and served upon the defendant, and he answers disputing the facts upon which the application is based, an alternative and not a peremptory writ should be issued in a first instance.

2. ———— : ISSUES : TRIAL. The issues joined in a *mandamus* case are to be tried as in an ordinary civil action. The facts cannot be determined, against the objection of a party, on affidavits.

ERROR to the district court for Douglas county. Tried below before WAKELEY, J.

*Lake, Hamilton & Maxwell,* for plaintiff in error, cited: *State, ex rel., Taylor, v. Supervisors,* 64 Wis. 220; *Schend v. Aid Soc.,* 49 Id., 237; *People v. Com'rs,* 7 Wend. [N. Y.], 477; *Com. Bank v. Canal Com'rs,* 10 Id., 26; *People ex rel. Lawrence, v. Supervisors,* 73 N. Y., 173; *People, ex rel. Ger. Am. L. & T. Co., v. Richards,* 99 Id., 621; *Peo-*

*ple, ex rel. Sav. Bank, v. Cromwell,* 102 Id., 481; *People v. R. W. & O. R. Co.,* 103 Id., 95; High, Ex. Leg. Rem., sec. 554.

*J. J. O'Connor,* and *Hall, McCulloch & English, contra.*

NORVAL, J.

The defendants in error filed a petition in the district court of Douglas county against the plaintiff in error praying that a peremptory writ of *mandamus* may issue to compel it to furnish and supply water on the premises of the defendants in error at 1202 and 1206 Cass street in the city of Omaha. On the 18th day of September, 1889, application was made for said writ to Hon. Eleazer Wakeley, one of the judges of said court, at chambers. Thereupon said judge ordered that the plaintiff in error show cause on Saturday following why such writ should not be granted. At the time named the plaintiff in error filed its answer, submitting the facts embodied in the affidavits of George Zeigler and Nelson M. Howard attached to the answer, as a reason why the writ should not issue.

On the 23d day of September, 1889, the application was heard before said judge at chambers. On the hearing the defendants in error read in support of their application the affidavits of J. L. O'Connor, John Burns, David Mahoney, John Mossett, Vincent Kenney, C. C. Field, John Drummond, Belle Craycroft, Mrs. John Mossett, Elsie Mark, H. A. Mossett, and James Johnson. The plaintiff in error at the time objected to the reading and consideration of said affidavits, which objection was overruled, the affidavits were read and considered, and the plaintiff in error duly excepted. The judge granted a peremptory writ of *mandamus* as prayed. The plaintiff in error filed a motion for a new trial, which was overruled and an exception was taken to the ruling thereon.

The petition and the affidavits attached to the answer

are exceedingly lengthy, and, for a proper understanding of the questions presented it is not deemed necessary that they be reported.    It is sufficient to say that the facts set up in the application are controverted by the affidavits attached to and made a part of the answer, so that, without proof being offered to support the allegations of the petition, a peremptory writ of *mandamus* could not properly issue.    The facts contained in the numerous affidavits read by the defendants in error fully sustain the allegations of the petition.

Under the provisions of the Code, when an order to show cause why a peremptory writ should not issue is made and served upon the defendant, and no sufficient ·showing is made why the act required should not be performed, a peremptory writ of *mandamus* may be granted, if it appears on the face of the application that the relator's right thereto is clear.    But when the facts upon which the application is based are disputed on the hearing of the order to show cause, an alternative and not a peremptory writ must be first issued.    (Code, sec. 648; *Schend v. St. George Ger. Aid. Soc.*, 49 Wis., 237 ; *State, ex rel. Taylor, v. Supervisiors*, 64 Id., 220.)    When cause is shown why a peremptory writ should not be allowed, an issue must be formed, which is made up by the issuing of an alternative writ and the defendant's answer thereto.    If no answer is filed the peremptory writ may issue.

Error was committed in determining the case on affidavits, over the objection of plaintiff in error.    Section 653 of the Code of Civil Procedure provides that "No other· pleading or written allegation is allowed than the writ and answer.    These are the pleadings in the case, and have the same effect and are to be construed and may be amended in the same manner as pleadings in a civil action, and the issues thereby joined must be tried, and the further proceedings thereon had in the same manner as in a civil action."

It expressly provides that the issues joined in proceedings for *mandamus* must be tried in the same manner as in a civil action. The facts cannot be determined on *ex parte* affidavits against the objections of a party. The facts must be established by testimony taken by deposition or by calling witnesses so that an opportunity can be had to cross-examine the witnesses. (*State, ex rel. Taylor, v. Supervisors,* 64 Wis., 218.)

The peremptory writ issued in this case will be treated as an alternative writ, and the cause will be remanded with leave to the plaintiff in error to answer, and for further proceedings.

JUDGMENT ACCORDINGLY.

THE other judges concur.