State, ex rel. Levy, v. Spicer.

------

36   469
53   770

STATE OF NEBRASKA, EX REL. MARK LEVY, V. J. H.
SPICER, CLERK OF THE DISTRICT COURT.

FILED MARCH 29, 1893.   No. 4979.

1. Mandamus: A RELATOR having a personal right to be enforced by *mandamus* may bring an action in the name of the state on his relation.

2. ———: TRUST FUNDS HELD BY CLERK OF DISTRICT COURT. On the facts stated in the petition, the defendant held the money and notes in controversy as trustee, and it was his duty to pay and deliver the same to the parties entitled thereto.

3. ———: DEMURRER OVERRULED and leave given to answer in five days.

ORIGINAL application for *mandamus*.

*Capps & Stevens*, for relator.

*Tibbets, Morey & Ferris, contra.*

MAXWELL, CH. J.

The defendant is the clerk of the district court of Adams county, and this is an application for a *mandamus* to compel him to pay over certain moneys in his hands claimed to be due the relator. He has demurred to the petition upon two grounds: First, that the action is improperly brought in the name of the state, and second, that the facts stated in the petition are not sufficient to constitute a cause of action. The petition is as follows:

"Comes now the relator, Mark Levy, and respectfully represents unto this honorable court that on May 24, 1888, Loeb and Emile Lindner commenced in the district court of Adams county, Nebraska, by the filing of their petition, an action for partition of divers and sundry descriptions of real estate mentioned in their said petition; that Rosa Hirsch, Harry Hirsch, Benjamin Hirsch, and Jacob Hirsch were defendants in said action; that Rosa Hirsch was the wife, and the said Harry, Benjamin, and Jacob Hirsch were the only heirs and children of Samuel Hirsch, deceased, who died intestate in the city of Hastings, Adams county, Nebraska, on the 18th day of April, 1888; that on the 16th day of June, 1888, John M. Ragan was duly appointed by said court as guardian *ad litem* for the said Harry, Benjamin, and Jacob Hirsch, the minor heirs of said Samuel Hirsch, deceased; that on the 18th day of June, 1888, said action came on to be heard upon the said petition and the answer by Rosa Hirsch in her own proper person, and the answer of John M. Ragan, the duly appointed guardian *ad litem* of said minors, and the evidence presented in open court, and the same was submitted to said court. On consideration whereof the court found that the plaintiff Abraham Loeb was the owner in fee-simple of an undivided one-half ($\frac{1}{2}$) part and interest to the real estate described in said petition, and that said Harry, Benjamin, and Jacob Hirsch were the children of Samuel Hirsch, late

of said county, deceased, and as his heirs are each the owner in fee-simple of one-sixth ($\frac{1}{6}$) part of the real estate described in said petition; that it was further ordered and adjudged by the said court at said time that said shares of each of said parties interested in the real estate described in said petition and said decree be and the same was thereby confirmed, and it was adjudged therein that said partition be made accordingly, if an equitable division thereof could be effected without detriment to the persons interested therein.

"It was further ordered and adjudged in said district court that J. H. Graham, William M. Lowman, and J. D. Croswaith be, and they were thereby, appointed referees to make partition of said real estate into the requisite number of shares, and report the same at that term of court if possible, and if not, that they make due report at the following term of said court.

"That on the 19th day of June, 1888, a commission authorizing and requiring the referees to carry into effect the terms and requirements of said decree was issued out of the district court of Adams county, Nebraska, authorizing and commanding them to make partition of said real estate as follows:

"To Abraham Loeb one-half ($\frac{1}{2}$) in value of said real estate; to Harry, Benjamin, and Jacob Hirsch, severally, one-sixth ($\frac{1}{6}$) each in value of said real estate, in manner as provided by law.

"That on said day said referees took the oath prescribed by law, as fully appears upon said commission; that on the 20th day of June, 1888, said referees, having first took the oath required by law as hereinbefore related, carefully examined the condition of all the real estate described in said petition with a view to making partition thereof among the persons hereinbefore named, and said referees reported and found that the partition of said premises could not be made without great prejudice to the owners thereof, for the rea-

son that it would divide the land and town lots therein specified into small parts which would be worthless, and further, that said partition could not be made on account of incumbrances thereon; that on the 22d day of June, 1888, said cause came on to be heard upon the report of the referees in said action and a motion to confirm the same and it appearing to said court that said partition of the real estate mentioned in said petition could not be made without prejudice to the owners thereof, and said court being satisfied of the truth thereof, said report was by the order of the said court entered upon the records thereof; and it was further ordered and adjudged by the court at said time and in said order that said referees should proceed to sell said premises described in said petition at public sale after giving due and legal notice thereto as required upon sales under execution. Said sales of said real estate were ordered to be held after the giving of legal notice thereof: The Adams county land, at the front door of the court house in Adams county, Nebraska; the Kearney county land, at the front door of the court house in Kearney county, Nebraska; the Red Willow county real estate, at the front door of the court house in Indianola; and the land situated in Brown county, at the front door of the court house in the town of Ainsworth therein. It was further ordered in said decree that said sales should be for one-third cash in hand, one-third in one year, and one-third in two years, with approved security upon all deferred payments, with interest at the rate of eight per cent per annum until the same be paid. Said referees were further ordered to report their doings relative to the sale of said real estate.

"That thereupon said referees proceeded to the procurement of certificates to all liens upon the real estate described in said petition and caused all of the same to be duly advertised according to the terms of the decree of the said court; and said referees made report of all of their doings at stated periods; that all of the reports of sales made by

said referees were presented to said court for examination and the same were in each and every instance, upon careful examination and consideration of said court, found to be in all respects conducted according to law, and said sales were by said court in each and every instance confirmed, and said referees were ordered to execute and deliver to the purchasers at the said sales deeds for the real estate so purchased by them; that all of the real estate described in said petition was sold by said referees and deeds conveying said premises to the purchasers thereof in fee-simple were duly executed by them and delivered to the purchasers thereof; that the proceedings and confirmation of all said sales were duly certified to and placed of record in the county where said real estate so sold is situated.

"That in said action in said district court of Adams county, after the sale and disposition of said real estate by the referees as hereinbefore mentioned, said cause came on to be finally heard on the application of the parties to said action for the purpose of having the proceeds of the sales of the property distributed; it was found by said court that Abraham Loeb was entitled to a one-half interest in the moneys and note in the hands of said referees appointed in said case, the proceeds of said sales; that Harry, Benjamin, and Jacob Hirsch, the heirs of Samuel Hirsch, deceased, were entitled to an undivided one-half interest, that is, one-sixth interest each, in and to the moneys and notes in the hands of said referees, the proceeds of the sales of real estate in said partition suit; that at said time the reports of the referees were correct; that the referees appointed in said action distributed the proceeds arising from the partition sale of lands in said action as follows: One-half of said proceeds to Abraham Loeb, and the remaining one-half, share and share alike, to Harry Hirsch and Benjamin Hirsch and Jacob Hirsch; that the supplemental and final report of the referees be and the same is confirmed.

"Your relator further represents unto the court that on December 19, 1890, William M. Lowman, one of the referees appointed by the court in said action, filed his petition in said court in said action showing unto the district court in the action where Abraham Loeb and Emile Lindner were plaintiffs, and Rosa Hirsch, Harry Hirsch, Benjamin Hirsch, and Jacob Hirsch were defendants, he was duly appointed by said court as referee to make partition of certain real property and to pay the proceeds of said sale in compliance with the order of said court; that the said referee had complied with the directions and decrees of said court and had sold said lands in fulfillment of the orders of said court, and that all of the said sales had been duly reported to the court, approved by the court; that said William Lowman, referee, then held as such officer in said action, the same being proceeds of sales, the following amounts of money and notes, to-wit: $475.52 in cash, being one-half of net proceeds of last payment of sale Adams county, Kearney county, and Red Willow county lands, and the Ainsworth town property, as described in the petition filed in said action; that the other one-half ($475.52) of the net proceeds of said payment had been paid to Abraham Loeb, according to the order of said court; that said William M. Lowman had on hand also the following notes to-wit: one for $359, dated February 16, 1889, due December 1, 1889, eight per cent interest from date until paid; one for $221.64, dated April 1, 1889, due April 1, 1890, eight per cent interest; one for $221.64, dated April 1, 1889, due April 1, 1891, eight per cent interest from date until paid; one for $637.10, dated November 15, 1889, due November 15, 1890, eight per cent from date until paid; one note for $637.10, dated November 15, 1889, due November 15, 1891, eight per cent interest from date until paid; that said notes and money were taken and received as proceeds of sales of the real estate described in said petition for partition, and that the same

were received and taken in pursuance of the orders and decrees of said court; that said William M. Lowman, referee, had business of such a nature that it would require his removal from the jurisdiction of the said court, and that he had no interest in the above described moneys or notes, and thereby offered to bring said moneys and notes into court, and ask that he be discharged from further liability therefor, and that he be discharged as referee in said action.

"That afterwards, to-wit, on the 24th day of December, 1890, said cause came on to be heard on the petition and showing filed by said referee, William M. Lowman, and from the facts stated therein and the report of said referee and the evidence produced in court the said court found that under the previous order entered in said action said referee had paid to Abraham Loeb $475.15; that there was then in the hands of said referee the sum of $475.15 in cash, and the further sum of $2,076.48 in notes taken as part payment for the sale of the real estate described in the petition for partition; said court then and there further found that said referees had complied fully and completely with the orders of said court appointing them and that said referee, William M. Lowman, should be discharged; that the report of said referees had been theretofore made in said action be by said court confirmed. The court therein ordered said William M. Lowman, referee, to pay the money, notes, and property then in his possession to the clerk of the said court, this respondent; it was then and there adjudged by said court that said William M. Lowman should pay to the clerk of said court, this respondent, the said sum of money and notes found to be in his hands for the use and benefit of the persons and parties entitled thereto, and it was further ordered and adjudged by the said court that the said William M. Lowman be and he was thereby discharged from further liability. That on the 19th day of December, 1890, said William M.

Lowman paid to the clerk of the said court, J. H. Spicer this respondent, the said sum of $475.52 in cash, and notes and securities amounting to the sum of $2,076.48, and that said respondent still has and holds said cash and notes so delivered to him at said time by said William M. Lowman, referee; that on the 5th day of March, 1891, he had a settlement and adjustment of his business with one Abraham Loeb, who was plaintiff in said partition suit and adjudged therein to be the owner and holder of a half interest in the proceeds of the sales of said real estate, and the persons to whom it was by said district court adjudged that one-half of said proceeds should be paid and delivered to; that in said settlement had by this relator with said Abraham Loeb said Abraham Loeb assigned, transferred, and set over to this relator, for value received, all of his interest in and to the property adjudged to belong to him in said partition suit; that on said 2d day of July, 1891, your relator filed said assignment of record in the office of the district clerk of Adams county, Nebraska, the said assignment executed by the said Loeb to this relator; and your relator then demanded that said respondent pay over to him the entire interest adjudged to be the property of said Abraham Loeb so assigned to your relator, and that said respondent then and there refused, and still refuses, to pay over and deliver to your relator the interest in said property so assigned to him by said Abraham Loeb; that your relator is still the owner and holder of the entire interest of said Abraham Loeb found and adjudged to belong to him in said partition proceedings. That the decrees, orders, and judgments hereinbefore mentioned are in full force and effect in the district court of Adams county, Nebraska; that the same and all of them are unappealed from; that no proceedings in error have ever been prosecuted or taken therefrom, and that the same and all of them are final and irrevocable, and that said partition suit has been finally disposed of; that there is no just reason, either

legal or equitable, why the respondent should not comply
with the orders and decrees of the district court rendered
in said action and pay and deliver over to your relator all
of the notes and moneys and property which were therein
found and adjudged by the said court to be the property
of Abraham Loeb, and of which your relator is now, and
ever has been since March 5, 1891, the sole and only owner
by assignment as hereinbefore stated; that he has no other
adequate remedy to secure his rights in the premises other
than those sought to be exercised by this information in
this action.

"Wherefore your relator respectfully prays this honor-
able court that in the exercise of its original jurisdiction
the court may grant a peremptory writ of *mandamus*,
commanding J. H. Spicer, clerk of the district court of
Adams county, Nebraska, the respondent herein, immedi-
ately upon the receipt of said writ, to deliver and pay over
to your relator all notes, moneys, and property adjudged
and decreed to the said Abraham Loeb in the partition suit
mentioned in this information as having been assigned to
your relator, and your relator prays for such other order
and general relief as may be lawfully required in the se-
curement of his rights in this proceeding."

If the facts stated in the petition are true, the real estate
in question has been sold under proceedings in parti-
tion, the sale confirmed, deeds made to the purchasers, and
the proceeds of said sales are now in the hands of the de-
fendant. This court, therefore, in this proceeding has
nothing to do with the partition case. For the purpose of
this demurrer the proceedings in that case are supposed to
be regular and unobjectionable. The right of the relator
to bring an action by *mandamus* in the name of the state
has been recognized from the earliest period of our history
as a state, and may be regarded as a settled rule which, if
changed, it should be done by the legislature. The first
point of the demurrer, therefore, is not well taken.

So far as the petition shows, the defendant holds the money and notes in question as a mere trustee and not strictly as clerk of the court. The court in relieving Mr. Lowman from his trusteeship was not required to appoint the defendant. Any other person within the jurisdiction of the court, if deemed suitable, might with equal propriety have been appointed, and received the money and property of the relator. The petition shows that the money is due to the relator, and that it is the duty of the defendant to pay the same and to deliver to him his share of the notes. If the defendant has a defense to the action he must set it up by answer. The demurrer is overruled and the defendant has leave to answer in five days.

DEMURRER OVERRULED.

THE other judges concur.