City of Crawford, Appellant, v. William J. Darrow
et al., Appellees.

Filed September 26, 1910.    No 16,594.

1. **Case Approved.** The decision in *City of Chadron v. Dawes County,* 82 Neb. 614, approved and followed in so far as applicable to this case.

2. **Mandamus:** Pleading: Presumptions. An application for the allowance of a writ of mandamus was made to one of the judges of the district court of the Fifteenth judicial district. An order allowing the writ was duly made, returnable to the other judge in the district on the 20th day of August, 1909. On the 11th day of January, 1910, an amended application was filed in the district court. A demurrer was filed to the amended application, one of the points presented being that the proceedings did not run in the name of the state, *ex rel.* The transcript filed in this court does not contain a copy of the alternative writ. As the writ itself is by section 653 of the code declared to be the pleading in the case on the part of relator, it will be presumed that if an alternative writ was issued it complied with the requirements of the law and procedure of the state.

3. **Counties:** County Board: Claims: Appeal. It is alleged in the petition that a specified amount of road taxes belonging to relator city had been collected by the county treasurer for relator; that the county board had wrongfully appropriated and transferred the same to one of the county funds; that relator had filed its claim with the board for the full amount, all of which had been allowed, but that the county board had directed the clerk to issue a warrant for but one-half of the claim, which was done and the warrant received. *Held,* That this did not exonerate the county from the payment of the remaining half, and that there was nothing from which relator could have maintained an appeal.

4. **Pleading:** Demurrer. All averments of a petition which are well pleaded are taken as admitted to be true when assailed by a demurrer, so far as the hearing upon the demurrer is concerned.

5. **Accord and Satisfaction:** Counties: Allowed Claims: Partial Payments. A payment of a part only of a liquidated, past-due claim against a county allowed by a county board, even if accepted as in full satisfaction thereof, is not good as an accord and satisfaction. See *McIntosh v. Johnson,* 51 Neb. 33.

APPEAL from the district court for Dawes county: JAMES J. HARRINGTON, JUDGE. *Reversed.*

*Allen G. Fisher, A. M. Morrissey* and *Earl McDowell,* for appellant.

*Edwin D. Crites, contra.*

REESE, C. J.

The city of Crawford presented to Honorable W. H. Westover, one of the judges of the Fifteenth judicial district of this state, a petition and application for a writ of mandamus to the board of county commissioners and county clerk of the county of Dawes requiring the issuance of a warrant in favor of relator on the county treasurer of said county for an amount alleged to be due the city as its portion of the road fund collected off the property within the city for the years named in the petition. On the 10th day of August, 1909, the judge made and signed an order directing that an alternative writ issue as prayed, and that the same be made returnable before Honorable James J. Harrington, at O'Neill, in Holt county, on August 20, at 11 o'clock A. M. The record before us does not disclose that any writ was ever issued, nor that any return was ever made by respondents, the transcript consisting only of the petition, the order of Judge Westover allowing the writ, an amended petition filed January 11, 1910, a demurrer thereto, and the ruling upon the demurrer by which it was sustained and the action dismissed. The relator appeals, presenting this transcript.

Counsel appear to have overlooked the provisions of section 653 of the code, which provides: "No other pleading or written allegation is allowed, than the writ and answer. These are the pleadings in the case, and have the same effect and are to be construed and may be amended in the same manner as pleadings in a civil action; and

the issues thereby joined must be tried, and the further proceedings thereon had in the same manner as in a civil action." These are the pleadings by which issues of fact are to be joined. Of course, a demurrer may be interposed to either pleading and its sufficiency tested. *Long v. State,* 17 Neb. 60. In view of the record before us, we must assume that no alternative writ has ever been issued in this case, and relator has taken occasion to amend its application, and respondents have availed themselves of their right to test the legal merits and strength of that application without waiting for the issuance of an alternative writ, which they have the right to do. *State v. Chicago, St. P., M. & O. R. Co.,* 19 Neb. 476. But the practice is not recommended. *State v. Home Street R. Co.,* 43 Neb. 830. The demurrer in this case attacks the amended petition upon a number of grounds, one of which is that plaintiff has no legal capacity to sue. With this may be considered another, which is, that there is a defect of parties plaintiff. The contention in its brief is that the title of the action should be "The State of Nebraska, on the Relation of the City of Crawford," v. Respondents. In this respondents are correct, for the constitution (art. VI, sec. 24) provides that all process shall run in the name of the state. But this objection can hardly be raised to the application or petition. The answer or return is to be made to the writ. If an alternative writ has issued, we must presume that it has run in the name of the state. If none has issued (as appears by this record), it will be time enough to correct the defect should one be issued. While it is true that the writ "may issue on the information of the party beneficially interested" (code, sec. 646), yet the practice in this state has been to issue it in the name of the state upon the relation of the party claiming the relief sought, and no case has been cited holding that the writ may be applied for and issued in the name of the complaining party only. In *State v. Shropshire,* 4 Neb. 411, Judge GANTT, in writing the opinion of the court, quotes with approval from High,

Extraordinary Legal Remedies (3d ed.) sec. 431, saying: "Where the question is one of public right, and the object of the mandamus is to procure the enforcement of a public *duty,* the people are regarded as the real party, and the relator, at whose instigation the proceedings are instituted, need not show that he has any legal or special interest in the result, it being sufficient to show that he is a citizen, and as such interested in the execution of the laws." Assuming therefore, as we have, and must by this record, that the respondents have seen fit to attack the amended petition by demurrer, we are called upon to examine that paper for the purpose of ascertaining if it contains such facts as would justify the issuance of either an alternative or peremptory writ, the design of the demurrants probably being to test the legal prospositions involved at the inception of the action.

The petition is not as skillfully drawn as might be desired, but it may in fairness be held to allege that the city of Crawford is a municipal corporation within the county of Dawes, and has been such with the same municipal limits since on and after the 1st day of March, 1886; that the respondents are the county commissioners of the county; that relator is and has been during all of said time a road district in said county; that during the time named one-half of the road taxes assessed upon the property within the boundaries of relator have amounted to the sum of $1,439.64, which has been collected by respondents and placed in the road fund of said county; that it was the duty of the several county treasurers to pay to relator the said one-half of the said taxes so levied and collected, but which duty they failed to perform, and that the county board has wrongfully appropriated said funds to the use of the general fund by transferring them thereto, thus placing it beyond the power of the treasurer to pay relator the one-half so due it; that on December 4, 1906, relator presented to and filed with the county board its claim for the said sum of $1,439.64, which said claim was duly allowed by said board, but the board of county

35

commissioners directed the county clerk to issue to relator a county warrant for the sum of $719.82, one-half of the amount found due by said allowance, and no more, which was accordingly done, and the county by its board and officers have ever since refused to issue the warrant demanded, as was their duty to do. There is an unnecessary averment that the then county attorney for the benefit of the county induced the then counsel of relator to enter into an agreement with the county board that the said claim should be satisfied by the issuance and acceptance by relator of the warrant for one-half of the sum so allowed, but that said agreement was void for want of power to make it, that there was no consideration for it, etc. This whole subject, if of any value in the case, could constitute only defensive matter to be presented by respondents or waived, and, like many other averments, has no place in the petition. It is alleged that it is the duty of the county board to convene and enter an order directing the clerk to issue a warrant upon the county general fund for the said sum of $719.82 and accumulated interest, and the prayer is that they be required "to perform said duty." The demurrer consists of a number of grounds, but it is not deemed necessary to discuss them in detail, the eighth being that the amended petition does not state facts sufficient to constitute a cause of action, and presents the real controversy.

Assuming the allegations of the petition to be true, as we must when assailed by demurrer, the case is practically disposed of by our decision in *City of Chadron v. Dawes County*, 82 Neb. 614, and so far as the questions therein decided are applicable to this case no further reference need be made to them.

It is insisted in the brief of respondents that relator has mistaken its remedy, and should have appealed from the action of the county board in allowing but half of its claim. In this counsel have overlooked the averment of the amended petition alleging that the whole claim of relator was allowed by the county board on December 4,

1906. The demurrer, for the purposes of the hearing thereon, admits the truth of this allegation, and there was therefore nothing from which an appeal could have been taken. The acceptance of the warrant for the $719.82 was only a partial payment of the amount due upon that adjudication and did not release the county from the payment of the remainder, and even the naked agreement to receive one-half the amount thus allowed in full could not work an estoppel or accord and satisfaction, as such action would have been without consideration and therefore not binding. *McIntosh v. Johnson*, 51 Neb. 33. It is contended further that no demand for the performance of the acts sought to be coerced by the writ is alleged, and therefore relator is not entitled to the writ under any conditions. If the averments of the petition are true, as admitted by the demurrer, there was no necessity for any demand, and indeed there would seem to be no necessity for any action on the part of the county board, since the allowance of the full claim exhausted their powers, except as to a reconsideration, and any direction they might give to the clerk to pay but half of the claim so allowed would be void, and the writ might run against the clerk alone, except for the fact of the alleged wrongful act in the appropriation and transfer of the money of relator to the funds of the county. Much is said in respondents' brief in the way of maintaining the right and power of the county board in scaling down and compromising doubtful claims against the county. This cannot be successfully questioned, but that rule of law does not and cannot be applied to this case: First, it is alleged that the whole claim was allowed; second, there is nothing doubtful about the claim, nor is there anything to compromise. If, as alleged, the money was in the treasury, it belonged to relator, and was held only in trust for it, and not as owner or debtor (*City of Chadron v. Dawes County, supra*), and it was the legal duty of the treasurer to pay over, until by the alleged wrongful act of the county board the fund was ostensibly placed beyond his reach.

The judgment of the district court is reversed and the cause is remanded, with leave to relator to amend the alternative writ if one has been issued, if deemed necessary, and, in case none has issued, to amend its petition, if so advised.

REVERSED.