# Chesapeake & Ohio Railway Co., et al. v. Hall's Admr.

(Decided February 20, 1912.)

## Appeal from Boyd Circuit Court.

Railroads—Action Against for Alleged Negligent Killing of Person—
Issue—Instruction.—In an action against appellant and its
engineer for the alleged negligent killing of appellee's decedent,
the issue was as to whether appellants negligently and carelessly
operated the train in approaching the crossing. Appellants knew
of the poles, trees and freight trains which obstructed the view
and also the frequent travel over the crossing and that it was
an unusually dangerous crossing. Therefore, it was not neces-
sary to state the particular facts in the pleadings to show that
it was an unusually dangerous crossing, and the court did not
err in instructing upon that point.

WORTHINGTON, COCHRAN & BROWNING for appellants.

JOHN W. WOODS, J. F. STEWART and B. O. BECKER for ap-
pellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

This is an appeal from the Boyd Circuit Court ren-
dered at its March term, 1911, in favor of appellee, for
the sum of $5,000.00. The action was instituted against
the railway company and one of its engineers, Ed
Brewer, for the alleged negligent killing of David Hall,
by one of the railway company's fast passenger trains
near Ashland, Ky., on February 17, 1906. The scene
of the accident was at a public crossing which marks
the western corporation boundary of the city of Ashland.
At the time of his death Hall was driving a horse hitched
to a spring wagon. He started his travel in the city of
Ashland, continued along a road within the city limits
for a considerable distance parallel with the railroad
and in the same direction from which the train was
coming. He continued this course until he reached the
corporation limits at which place a pike crosses the road
upon which he was traveling, at right angles, and he
here turned south and towards the railroad intending
to cross it at the new turnpike crossing which runs at
right angles with the railroad. There were two tracks
at this crossing and Hall had passed over one and was
entering upon the other when he was struck and instant-
ly killed by this passenger train, moving at the rate of
fifty or sixty miles an hour. Obstructions along the

right of way, such as trees, telephone and telegraph poles and freight trains standing upon the track, prevented Hall from seeing the train and those in charge of the train from seeing him in time to save him from injury. One of the freight trains had just moved over the crossing when Hall passed from behind it and upon the track where he was killed. On the south side of and thirty or forty feet from the tracks, there was a deep cut. None of the witnesses saw Hall just before he entered upon the tracks, consequently there is no testimony as to the care he exercised to protect himself, therefore, as he is dead, there is no presumption that he failed to use ordinary care in approaching the tracks. Many witnesses testified that no warning of any kind was given of the approach of the train. As stated, there being freight trains on one of the tracks it was impossible for the employes in charge of train which struck Hall, to see him and also impossible for Hall to see the train until he was directly in front of it. It is agreed by counsel that the testimony shows this to be an unusually dangerous crossing; that it is a main thoroughfare in a populous community; and the testimony shows that from two to four hundred people use it daily. Appellant's counsel concede that there was sufficient evidence to authorize a submission of the case to the jury, but contend that the court erroneously instructed the jury. The main point contended for is that the court erroneously instructed the jury upon the increased duty of those in charge of the train upon approaching the crossing, as the pleadings did not authorize such an instruction. The instruction likewise required an increased duty upon the part of Hall upon entering the crossing. It is true the petition did not state any facts with reference to the obstructions or other things which rendered the crossing unusually dangerous, but it did allege that Hall's death was caused by the "gross, joint and concurrent negligence and carelessness of defendant * * * in so negligently and carelessly operating and managing said train that it ran into and against plaintiff's intestate, thereby killing him." The issue was as to whether appellants negligently and carelessly operated and managed the train in approaching the crossing. Under the circumstances of this case, appellants knew of the poles, trees and freight trains which obstructed the view and also of the frequent travel over the crossing and that is was an un-

usually dangerous crossing. In our opinion, it was not necessary to state the particular facts in the pleadings to show that this was an unusually dangerous crossing, therefore, the court did not err in instructing upon that point.

In the case of L. & N. R. R. Co. v. Lucas, 30 Ky. L. R., 359; 98 S. W., 308, the facts and circumstances were very similar to those in the case at bar and the lower court instructed the jury as it did in this case and this court said:

"We think the law in respect to every aspect of the case was correctly and fairly given the jury by the instructions, and the record throughout manifests the admirable care, impartiality and ability with which the special judge conducted the trial. As the instructions given embrace all the law of the case, it was not error to refuse those asked by appellant."

The same can be said of the instructions and the judge who tried this case. Appellants claim that the speed of the train was no evidence of negligence on their part and that the jury should have been so instructed, and refer to several authorities to support their claim. These authorities have reference to the movement of trains in the country or thinly populated communities and do not apply to the management of trains at crossings in and near to a city or populous communities where there is much travel. It was some evidence of negligence of those in charge of the train.

Appellants complain of another part of the instruction which is as follows:

"The Chesapeake & Ohio Railway Company or its co-defendant, Ed Brewer, as its engineer in charge of the engine that struck and killed David Hill, or the other servants of said railway company in charge of the train inflicting said injury, failed to so ring the bell of said engine or sound the whistle, as herein set out."

It was technically improper to use the words italicised, but not prejudicial in this case. The evidence shows that no persons were in charge of the movement of the train at the time of the accident except Brewer, the engineer, and the fireman. There is not an intimation in the evidence that any other member of the crew had anything to do with the movement of the train, but the court should have inserted the words "or the fireman" in lieu of the italicised words above. This court has repeatedly approved instructions that contained

language similar to that objected to. See the cases of M. & B. S. Ry. Co., vs. McCabe's Adm'x., 30 Ky. L. R., 1009; 100 S. W., 219; L. & N. R. R. Co. vs. Price's Adm'r 25 Ky. L. R., 1033; 76 S. W., 836; C. & O. Ry. Co. vs. Wilson's Adm'r. 31 Ky. L. R., 500; 102 S. W., 811; I. C. R. R. Co., vs. Cooley, 121 Ky., 235; 89 S. W., 234; L. H. & St. L. Ry. Co. vs. Sanders' Adm'r. 29 Ky. L. R., 212; 92 S. W., 937; L. & N. R. R. Co., vs. Ueltschi's Ex'or., 29 Ky., L. R., 1136; 97 S. W., 14; L. H. & St. L. vs. Kessee, 31 Ky. L. R., 617; 103 S. W., 261; M. & B. S. Ry. Co., vs. Willis, 31 Ky., L. R. 1249; 104 S. W., 1016; Hummer's Ex. vs. L. & N. R. R. Co., 32 Ky. L. R., 1315; 108 S. W., 885; Adkinson's Adm'r. vs. L. H. & St. L. Ry. Co., 33 Ky., L. R., 204; 110 S. W., 284; L. & N. R. R. Co., vs. Lucas, 30 Ky. L. R., 359; 98 S. W., 308; and I. C. R. R. Co. vs. Moss' Admr., 142 Ky., 658.

Finding no error prejudicial to the substantial rights of appellants, the judgment is affirmed.