City of Falls City v. Richardson County.

---

CITY OF FALLS CITY, APPELLEE, V. RICHARDSON COUNTY, APPELLANT.

FILED APRIL 15, 1916. No. 19482.

Highways: ROAD FUND: CLAIMS AGAINST COUNTIES. The rule announced in *City of Albion v. Boone County*, 94 Neb. 494, and cases cited therein, *held* to control the questions presented by the defendant's appeal and sustain the judgment in this case.

APPEAL from the district court for Richardson county: JOHN B. RAPER, JUDGE. *Affirmed.*

*Kelligar, Ferneau & Gagnon* and *James E. Leyda,* for appellant.

*C. F. Reavis* and *John Wiltse, contra.*

BARNES, J.

Action. in the district court for Richardson county brought by the city of Falls City to recover from the county one-half of the road taxes collected by the county treasurer from the taxpayers of the city, and not paid over to the city or its authorities. After the issues were settled, a trial was had to the court, without a jury, upon a stipulation of facts which is contained in the record. The trial resulted in a judgment for the plaintiff for the sum of $4,241.88. The defendant has appealed, but the plaintiff failed to perfect a cross-appeal.

The stipulated facts are, in substance, as follows: Plaintiff is a city of the second class under the laws of this state, and defendant is one of the organized counties of the state of Nebraska. In the year 1886 defendant adopted what is known as the township organization form of government, which has been in force from that date to the present time. Ever since the adoption of that form of government, plaintiff has been a city of more than 1,000 inhabitants and has constituted a supervisor's district, known as Road District No. 6, of the defendant county. The stipulation contained the amounts of the several levies of road taxes for the years 1880 to 1886, inclusive, all of which are stipulated to have been levied and collected on the property within the limits of the city. One-half thereof, as collected, has been fully paid to the plaintiff so there was no controversy as to those amounts. The stipulation next contained a statement of the road taxes levied and collected on the property within the city limits for the years 1889 to 1907, inclusive. It also contained a separate

City of Falls City v. Richardson County.

statement of such taxes, designated as road and bridge fund taxes, levied and collected by the defendant on the property within the city limits for the years 1908 to 1912, inclusive. It contained a further statement of the several amounts which the county treasurer had paid to the plaintiff city from time to time up to, and including, the year 1913.

The court found in favor of the defendant on all claims for the years prior to 1907, to which finding the plaintiff excepted. There was a further finding for the plaintiff and against the defendant on all claims for the years 1908, 1909, 1910, 1911 and 1912, to which finding of the court the defendant excepted. The court also found that the defendant was entitled to a credit for the payment to plaintiff of the following amounts: $500 and $420.17 paid to the plaintiff in the year 1913, to which finding the plaintiff excepted. The court thereupon made a computation, and determined the amount due the plaintiff to be $4,241.88, for which the judgment was rendered.

Without making a specific statement of the contentions of the parties, or considering the several amendments to the road laws of 1879, it may be said that our holdings in *Libby v. State*, 59 Neb. 264, *City of Chadron v. Dawes County*, 82 Neb. 614, *City of Crawford v. Darrow*, 87 Neb. 494, and *City of Albion v. Boone County*, 94 Neb. 494, clearly show that plaintiff was entitled to recover a judgment in this case.

It further appears from the stipulation that since the amendment of 1907 the county has paid, or appropriated, certain amounts of the road fund tax to the benefit of the plaintiff, to wit: $500 on January 9, 1913, and in September, 1913, there was appropriated to the use of plaintiff $420.17. These amounts plaintiff has received, and therefore the county should be credited on the amount claimed by plaintiff the sum of $920.17 with interest thereon since the dates of those payments. This was the finding of the trial court.

We are of opinion that the questions involved in this litigation were correctly determined by the district court. Therefore, the judgment is

AFFIRMED.

SEDGWICK, J., not sitting.