State, ex rel. City of O'Neill, v. Gallagher.

AFFIRMED.

FLANSBURG, J., also dissents.

---

STATE, EX REL. CITY OF O'NEILL, APPELLEE, V. ROBERT E. GALLAGHER, TREASURER, APPELLANT.

FILED OCTOBER 4, 1922.   No. 22670.

**Highways:** ROAD FUND: DISTRIBUTION. The rule announced in *City of Falls City v. Richardson County*, 99 Neb. 663, and cases cited therein, *held* to control the question presented by respondent's appeal, and to sustain the judgment of the district court in this case.

APPEAL from the district court for Holt county: ROBERT R. DICKSON, JUDGE. *Affirmed.*

*Chapman & Gallagher*, for appellant.

*W. J. Hammond, contra.*

Heard before MORRISSEY, C. J., ALDRICH, DAY, LETTON, ROSE and FLANSBURG, JJ.

DAY, J.

By this action, the relator, the city of O'Neill, prays for a writ of mandamus against Robert E. Gallagher, county treasurer of the county of Holt, the respondent, to compel him to turn over to the relator one-half of all moneys in his hands collected under the levy for the road tax for the years 1920 and 1921, on property within the corporate limits of relator city, and also to require him in the future to turn over to relator one-half of all moneys which may

hereafter be collected from said source. A demurrer to the petition was filed by the respondent, which was overruled, and respondent electing to stand on his demurrer, the court entered judgment in favor of the relator granting the relief prayed. From this judgment respondent appeals.

The allegations of the petition are in substance as follows: That relator is a city of the second class situate within the county of Holt; that said county is under township organization; that respondent is the duly elected, qualified, and acting county treasurer of said county, and as such collected all taxes levied by the county upon all property within the corporate limits of relator city; that in the years 1920 and 1921 the said county, through its proper officers, levied a road tax on all property situate within the corporate limits of relator city subject to said tax; that the respondent as such treasurer has collected a large sum of money, the exact amount being unknown to relator, under such road tax upon property within the corporate limits of relator city, and now has the same in his possession; that relator has made demand for same, which has been refused; that the relator is entitled to have turned over to it one-half of said money so collected by the respondent, and also to have turned over to it one-half of such sums as may in the future be collected by the respondent under such tax levy for said years upon the property within the corporate limits of relator city.

A disposition of the question here involved does not require an extended discussion. The case of *City of Falls City v. Richardson County*, 99 Neb. 663, in its essential features, involved the same question now before us, and it was determined that the plaintiff was entitled to recover.

We are mindful of the fact that the case cited was dealing with a situation which arose prior to the amendment of section 2920, Rev. St. 1913, by chapter 53, Laws 1915, now section 2630, Comp. St. 1922, which is relied upon by the relator, but the amendment does not militate against

the effect of the decision as an authority in this case.

We think it sufficient to say that our holdings in *City of Albion v. Boone County*, 94 Neb. 494, and *City of Falls City v. Richardson County*, 99 Neb. 663, are decisive of the case at bar, and fully sustain the judgment of the district court.

AFFIRMED.