CITY OF PORT TAMPA, *Plaintiff in Error,* vs. COUNTY OF HILLSBOROUGH, *Defendant in Error.*

136 So. 723.

Division B.

Opinion filed September 19, 1931.

*McMullen & Draper,* for Plaintiff in Error;

*Sutton, Tillman and Reaves,* for Defendant in Error.

WHITFIELD, P.J.—The City brought assumpsit against the county for funds collected by the county during a period of years to "be turned over to" the city pursuant to the following statute:

"The board of county commissioners are hereby authorized and required to levy a tax of not to exceed five mills on a dollar on all property in said county each year for road and bridge purposes, and the same, when collected, shall be paid over to the county depository and kept in a separate fund, which fund shall not be expended for any other purpose than for work on the public roads and bridges in the several counties, and for the payment of the salaries of employes engaged in road and bridge work, and in providing the necessary tools, materials, implements and teams, and for the necessary work on said road and bridges: Provided, however, that one-half the amount so realized from said special tax on the property in incorporated cities and towns, shall be turned over to said cities and towns, to be used in re-

pairing and maintaining the roads and streets thereof, as may be provided by the ordinances of such cities and towns.'' Sec. 2453 C. G. L.

A demurrer was interposed by the county, the grounds being laches and that the declaration shows that the claim was not filed with the board of county commissioners within a year from the time the claim arose, under section 4665 C. G. L. which is as follows:

"Every claim against any county shall be presented to the board of county commissioners within one year from the time said claim shall become due, and shall be barred if not so presented."

Section 4647 C. G. L. contains the following:

"This Chapter shall not apply to any action by this State,. or by any officer or person in behalf of this State, or to any action by or on behalf of the trustees of the internal improvement fund, or the seminary or school fund, or the board of education of the State, or any county or municipal corporation, or school district within this State, or with respect to any moneys or property held or collected by any officer or trustee or his sureties."

A writ of error to a judgment for the defendant on the demurrer sustained to the declaration was taken by the city.

The one year limitation contained in section 4665 C. G. L. is not applicable to this case because the demand is for taxes collected by the county under the statute to "be turned over to" the city pursuant to the commands of the statute. Laches do not bar the action on the record here. See City of Chadron vs. Dawes County, 82 Neb. 614, 118 N. W. 469; City of Crawford v. Darrow, 87 Neb. 494, 127 N. W. 891; City of Albion v. Boone County, 94 Neb. 494, 143 S. W. 749; City of Newton v. Board of Supervisors, 124 A. S. R. 256.

Reversed.

TERRELL AND DAVIS, J.J., concur.

Buford, C.J., and Ellis and Brown, J.J., concur in the opinion and judgment.