STATE OF NEBRASKA EX REL. JOHN A. KRIEGER ET AL., APPELLANTS, v. THE BOARD OF SUPERVISORS OF CLAY COUNTY, NEBRASKA, APPELLEE.

105 N. W. 2d 721

Filed November 4, 1960. No. 34816.

*John F. McCarthy,* for appellants.

*J. T. Massie,* for appellee.

Heard before CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

WENKE, J.

On August 4, 1958, John A. Krieger and Mary Krieger brought a mandamus action in the district court for Clay County in the name of the State of Nebraska upon the relation of themselves as relators. The purpose of the action is to require respondent, the Board of Supervisors of Clay County, to obey and carry out a judgment rendered by the district court for Clay County on June 14, 1949, in an action wherein relators were plaintiffs. This action was properly brought for, as stated in City of Crawford v. Darrow, 87 Neb. 494, 127 N. W. 891: "* * * the practice in this state has been to issue it (writ of mandamus) in the name of the state upon the relation of the party claiming the relief sought, * * *." See, also, State ex rel. Levy v. Spicer, 36 Neb. 469, 54 N. W. 849.

On September 15, 1959, the trial court ordered a hearing to be had on November 2, 1959, at 10 a.m., on relators' petition for mandamus and also ordered that notice thereof should be given to the respondent at least 10 days prior thereto. Such notice was personally served on every member of the Board of Supervisors of Clay County on October 1, 1959. Thereafter, by an agreement of the parties, which was approved by the trial court, the hearing set for November 2, 1959, was continued to November 5, 1959. On November 5, 1959, the relators asked leave to amend their petition. They were given 10 days in which to do so. They filed their amendment on November 16, 1959. Respondent was given 20 days in which to file an answer to the relators' petition, as amended. On December 4, 1959, respondent filed a motion seeking to require the relators to make their petition, in certain respects, more definite and certain. Further hearing was had before the district court on December 8, 1959. At that time respondent's

motion was overruled and it was given 7 days in which to file an answer to the relators' petition for mandamus. Relators' counsel excepted to this ruling, contending that under sections 25-2163 and 25-2164, R. R. S. 1943, they were entitled to a peremptory writ of mandamus because respondent had failed to answer. The court refused to grant the writ requested. Thereafter, on December 15, 1959, respondent filed an answer in the form of a general denial. Trial was had on January 6, 1960. After relators had rested respondent moved for a dismissal on the ground that relators had failed to prove the allegations of their petition. This motion the trial court sustained and thereupon dismissed relators' petition. Relators filed a motion for new trial and this appeal is from the overruling thereof.

Relators contend that the trial court abused its discretion in not issuing a peremptory writ of mandamus when respondent failed to answer, as required by statute. The answer to this contention, in view of the proceedings had, requires us to review our holdings on procedure in mandamus actions.

The regular procedure in mandamus, after a petition therefor has been filed, is to make an application for a writ by motion supported by affidavit, whereupon the court may grant the writ without notice, may require notice to be given, or may grant an order to show cause why the writ should not be allowed. See § 25-2160, R. R. S. 1943. When the right to the writ is clear, and it is apparent that no valid excuse can be given for failure to perform the duty, a peremptory writ should be issued. In all other cases, when a writ is issued, it should be in the alternative and contain an order to show cause. See §§ 25-2158 and 25-2159, R. R. S. 1943. The alternative writ and the answer thereto constitute the pleadings in any case wherein an alternative writ has been issued and no other pleadings are permitted. See §§ 25-2162 and 25-2164, R. R. S. 1943. If no answer is filed to an alternative writ then a peremptory writ must be allowed.

§ 25-2163, R. R. S. 1943. Generally, when a hearing on an application is ordered and notice thereof given or an order to show cause has been issued and served and a return in either situation presents an issue or issues of fact, the court should not try such issue or issues at that stage of the proceedings but, in such case, issue a writ. However, such writ should be an alternative writ and issues should be made up thereon by the filing of an answer thereto and then tried on the issue or issues raised thereby. American Water-works Co. v. State ex rel. O'Connor, 31 Neb. 445, 48 N. W. 64; State ex rel. Gillilan v. Home Street Ry. Co., 43 Neb. 830, 62 N. W. 225. However, under our holdings, if no writ has been issued the case may be heard on the petition and response thereto when a hearing or order to show cause has been ordered under section 25-2160, R. R. S. 1943, and notice thereof given. State ex rel. Gillilan v. Home Street Ry. Co., *supra;* City of Crawford v. Darrow, *supra;* State ex rel. Kelley v. Ferguson, 95 Neb. 63, 144 N. W. 1039, 50 L. R. A. N. S. 266; Kurth v. City of Lincoln, 162 Neb. 643, 76 N. W. 2d 924. As stated in State ex rel. Moore v. Chicago, St. P., M. & O. R. R., 19 Neb. 476, 27 N. W. 434: "Mandamus is not a prerogative writ in this state, but a remedy given to the citizen to enable him to assert his rights and obtain justice. * * * Hence the ordinary rules of pleading, where there are no special provisions of the statute to the contrary, apply to proceedings by mandamus." See, also, § 25-2156, R. R. S. 1943.

In view of the foregoing we can see no abuse of discretion by the trial court when it heard the matter on its merits after it had been set down for hearing on relators' petition for a writ of mandamus and respondent had filed an answer raising issues of fact. The trial court could have properly issued an alternative writ of mandamus, and probably should have done so, but certainly not the peremptory writ of mandamus which relators demanded. However, we find no prejudicial

error, under the situation here disclosed, by reason of the trial court's failure to issue an alternative writ of mandamus. And, in this respect, we find no error in the trial court's extending the time in which respondents could file an answer. It was within the discretion of the trial court to do so and we find no abuse of such discretion. Relators' contentions in this respect are without merit.

On June 14, 1949, relators obtained the following judgment in the district court for Clay County against the Harvard township board of Clay County.

"IT IS THEREFORE ORDERED BY THE COURT that the defendant, (Harvard) Township Board, be and they are hereby directed to place a 48 inch half circle culvert in the Township road above described, which runs in an east-west direction on the north side of said Section 29, at a point approximately 160 feet west of the northwest corner of said NE¼ of said Section, and to fill the road ditches of said township road to the height of the surrounding land at a point approximately 150 feet East of said northwest corner of said NE¼ Section. *That upon said defendant complying with said order, said action shall stand dismissed with prejudice,* and the costs of this action are hereby assessed equally between plaintiffs, defendant, and intervenors." (Emphasis ours.)

The record discloses that shortly after this judgment was rendered the mandatory provisions thereof were fully complied with. Whether it was caused to be done by the Harvard township board or the Board of Supervisors of Clay County is not entirely clear although it was apparently caused to be done by the latter. John A. Krieger, one of the relators who owned the land involved in the original action, testified to the effect that dams or fills in the ditches on each side of the road were put in. John H. Schmer of Harvard, Nebraska, who was a member of the Board of Supervisors of Clay County in 1948, 1949, and 1950, testified to the effect

that he read the judgment rendered in favor of relators by the district court for Clay County on June 14, 1949, shortly after it was rendered and complied therewith by causing the culvert to be put in and caused dams or fills to be placed in the ditches on each side of the road, and that he put in the culvert and fills pursuant to and in accordance with the foregoing judgment.

The burden of proof was on relators to establish their right to mandamus. See 55 C. J. S., Mandamus, § 325b, p. 559.

"Mandamus is a civil remedy and is a legal as distinguished from an equitable proceeding, although issuance of the writ is largely controlled by equitable principles." State ex rel. School Dist. v. Board of Equalization, 166 Neb. 785, 90 N. W. 2d 421.

"A writ of mandamus is not a writ of right. Before a court is warranted in granting a peremptory writ it must be made to appear that the relator has a clear legal right to the performance by the respondent of the duty which it is sought to enforce." State ex rel. School Dist. v. Board of Equalization, *supra.* See, also, State ex rel. Schoonover v. Crabill, 136 Neb. 819, 287 N. W. 669; Hess v. Taylor, 142 Neb. 184, 5 N. W. 2d 346; State ex rel. Evans v. Brown, 152 Neb. 612, 41 N. W. 2d 862.

We have often stated: "To warrant the issue of mandamus against an officer to compel him to act, (1) the duty must be imposed upon him by law, (2) the duty must still exist at the time the writ is applied for, and (3) the duty to act must be clear." State ex rel. Long v. Barstler, 122 Neb. 167, 240 N. W. 273. See, also, State ex rel. Schoonover v. Crabill, *supra;* State ex rel. Cary v. Cochran, 138 Neb. 163, 292 N. W. 239; State ex rel. Heil v. Jakubowski, 151 Neb. 471, 38 N. W. 2d 26; State ex rel. Bates v. Morgan, 154 Neb. 234, 47 N. W. 2d 512; Kurth v. City of Lincoln, *supra;* State ex rel. School Dist. v. Board of Equalization, *supra.*

When the provisions of the judgment rendered by the

district court for Clay County on June 14, 1949, had been fully complied with, as the record shows they were shortly after the judgment was rendered, the judgment, by its own terms, was no longer in force and effect for it had been satisfied. Therefore, the duty imposed by that judgment on the Harvard township board did not exist, as a matter of law, as against the Board of Supervisors of Clay County, at the time the writ of mandamus was applied for.

Sometime after June 14, 1949, Harold F. Smith and Forrest Pense made application for a change in procedure under the order of June 14, 1949, and on September 1, 1951, such change was authorized. On appeal to this court the order of September 1, 1951, was declared to be void and without force and effect because the judge who rendered it had neither jurisdiction nor power to do so. See Krieger v. Schroeder, 165 Neb. 657, 87 N. W. 2d 367. However, holding the order of September 1, 1951, to be without force and effect did not change the rights of the parties to the order of June 14, 1949, whatever they might be.

Sometime after June 14, 1949, the Board of Supervisors of Clay County took over the maintenance of the township road herein involved as part of a mail route. After they did so they graded it but apparently left the culvert intact and, after doing so, replaced the dams in the ditches on each side of the road. However, it appears that since that was done something has caused part of the dam in the north ditch to disappear. It is this dam or fill that the relators want replaced. If the relators are being irreparably damaged by reason of this condition injunctive relief is open to them or they may sue for damages or possibly both. That being true mandamus is not available to them. See § 25-2157, R. R. S. 1943.

What the Clay County Board of Supervisors should now do in regard to maintaining this road depends on the circumstances surrounding the situation at the pres-

ent time. In this respect we might mention that on August 9, 1956, the Board of Supervisors of Clay County was substituted as defendant for the Harvard township board in the original action, No. 7201, filed by the relators in the district court for Clay County and served with summons therein. However, the record does not show that any further action has been had therein as far as the Board of Supervisors of Clay County is concerned. We think the rights of the parties, as they now exist, can be determined in that action as a matter of fact and, by reason thereof, the trial court was correct in denying the relief they herein sought. Costs herein are taxed to the relators.

AFFIRMED.

SIMMONS, C. J., participating on briefs.